**David Wayne TOOLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SC 82342.

Supreme Court of Missouri,
En Banc.

June 13, 2000.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

**PER CURIAM.[1]**

David Wayne Tooley was convicted of criminal non-support. *Section 568.040.*[2] He filed a motion pursuant to Rule 24.035. The motion was overruled without an evidentiary hearing. No findings of fact or conclusions of law were filed. The judgment is reversed, and the case is remanded.

The appellant claims he was denied his constitutional rights to due process of law because the motion court failed: (1) to appoint counsel, as required by Rule

---

trative review afforded by the City until prompted to do so by the Court of Appeals.

1. The appeal in this case was originally decided by the Court of Appeals, Western District. Portions of the principal opinion written by the Honorable Edwin H. Smith and a concurring opinion written by the Honorable Victor C. Howard are incorporated without further attribution.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

24.035(e), or to give him the opportunity to file an amended motion, as permitted by Rule 24.035(g); and (2) to issue findings of fact and conclusions of law, as required by Rule 24.035(j).

▮ The motion court is required to issue findings and conclusions. *Barry v. State*, 850 S.W.2d 348, 349–50 (Mo. banc 1993). This is so because appellate review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). *Barry* notes certain exceptions to the requirement to issue findings and conclusions. *Barry* at 349–50. None of the exceptions apply here. The failure to make findings and conclusions normally would require the case to be remanded for that purpose. *Id.*

▮ However, in this case, Tooley failed to sign the motion. It has long been held that an unsigned, unverified motion for post-conviction relief is a nullity and does not invoke the jurisdiction of the court. *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990). Tooley, however, argues that *State v. White*, 873 S.W.2d 590 (Mo. banc 1994), brushes aside the requirement to file a signed motion to invoke the court's jurisdiction.

This Court in *White*, 873 S.W.2d at 594, acknowledged frequent complaints from inmates regarding the difficulty in finding a notary public to verify their motions; accordingly, the "technicality" of having motions verified, i.e., oath or affirmation before a notary, was eliminated. The Court reiterated that it remains stringent about the time requirements of post-conviction relief motions, but for the purpose of pro se motions, movant's signature would be sufficient verification. *Id.* at 594.

▮ Rule 55.03 applies to motions for post-conviction relief. *State v. Simmons*, 955 S.W.2d 752, 771 (Mo. banc 1997). The

signature requirement is not a hollow, meaningless technicality. It constitutes a certificate that the filing is not for any improper purpose and is well grounded in fact and primarily has the objective of the elimination from the court system of groundless actions. Requiring a signature also makes certain the party actually assents to the filing of the action on his or her behalf.

▮ The movant's signature remains as a mandatory element for jurisdiction to attach. Tooley's failure to sign his motion rendered it a nullity. The motion court's jurisdiction was not invoked at the time the motion was dismissed.

Even though Tooley's unsigned motion was a nullity and in violation of Rule 55.03(a), his cause was dismissed prior to the expiration of the 90–day period within which a pro se motion could be filed. Rule 55.03(a) provides guidance to the court when confronted with an unsigned pleading. "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Rule 55.03(a). Appellant should have the opportunity to correct the deficiency.

The judgment is reversed, and the case is remanded.[3]

All concur.

---

**3.** On remand, the court will assign the matter to a judicial officer authorized to adjudicate the motion.