Garry ADAMS, et al., Appellants,

v.

Dora SCHRIRO, et al., Respondent.

No. WD 58263.

Missouri Court of Appeals,
Western District.

Submitted Sept. 8, 2000.

Decided Nov. 7, 2000.

Appellants acting pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., J. Eric Durr, Asst. Atty. Gen., Jefferson City, for Respondents.

Before HOLLIGER, P.J., BRECKENRIDGE and SMART, JJ.

PER CURIAM:

Appellants are four inmates incarcerated at the Jefferson City Correctional Center. On November 24, 1999, they filed an action in the Cole County Circuit Court against Dora Schriro, Director of the Missouri Department of Corrections, and other officials of the Missouri Department of Corrections. In their suit, the plaintiffs claim that the officials in question are mishandling the receipts of the prison canteen in violation of § 217.195 RSMo Supp.1999.[1]

In January, 2000, the defendants filed a motion to dismiss, contending that plaintiffs' action should be dismissed because defendants are protected by the doctrine of official immunity and the public duty doctrine. Defendants further contended that the plaintiffs lacked standing to assert certain constitutional claims because plaintiffs did not have a property interest in the statutorily created canteen fund. Defendants also contended that plaintiffs failed to exhaust their administrative remedies before filing suit as required by law. Attached to the motion were affidavits related to the administrative procedures for inmate grievances. The affidavits also set forth copies of grievances filed by Plaintiff Garry Adams and noted that no grievance had been filed by the other plaintiffs. The affiants further demonstrated that Plaintiff Garry Adams had not pursued the grievance procedures to the conclusion of the administrative process.

Plaintiff Garry Adams filed a response to defendants' motion. Adams complained in his brief response that the motion to dismiss did not address the issues of the case, and promised that audits to be completed by the State Auditor would show that plaintiffs' allegations are correct. The other inmates did not respond. On January 31, 2000, the trial court entered its judgment granting the defendants' motion to dismiss. The trial court ruled: 1) that the defendants were protected from suit by the official immunity and public duty doctrines; 2) that the claims of RICO violations and claims of constitutional violations fail because plaintiffs have no property interest at stake in the controversy; and 3) plaintiffs were required to exhaust all of their administrative remedies before filing suit and had failed to do so. The court ruled that, therefore, their claim should be dismissed.

We first consider the jurisdictional issue of whether the plaintiffs failed to exhaust their administrative remedies. Section 506.384, RSMo Supp.1999, provides that inmates having grievances must exhaust "all administrative remedies" prior to filing a legal action. "The rule requiring exhaustion of administrative remedies is one of subject matter jurisdiction." *Green v. City of St. Louis*, 870 S.W.2d 794, 796 (Mo. banc 1994).

The motion of the defendants, which was supported by affidavits, demonstrated that there are four tiers of the inmate grievance procedure. The affidavits also as-

1. Section 217.195 states as follows:

With the approval of his division director, the chief administrative officer of any correctional center operated by the division may establish and operate a canteen or commissary for the use and benefit of the offenders.

Each correctional center shall keep revenues received from the canteen or commissary established and operated by the correctional center in a separate account. The acquisition cost of goods sold and other expenses shall be paid from this account. A minimum amount of money necessary to meet cash flow needs and current operating expenses may be kept in this account. The remaining funds from sales of each commissary or canteen shall be deposited monthly in a special fund to be known as the "Inmate Canteen Fund" which is hereby created and shall be expended by the appropriate division, for the benefit of the offenders in the improvement of recreational, religious, or educational services. The provisions of section 33.080, RSMo, to the contrary notwithstanding, the money in the inmate canteen fund shall be retained for the purposes specified in this section and shall not revert or be transferred to general revenue. The department shall keep accurate records of the source of money deposited in the inmate canteen fund and shall allocate appropriations from the fund to the appropriate correctional center.

serted that plaintiffs Krallman and Hall failed to even take the first step to process an administrative grievance. The affidavits further asserted that Plaintiff Adams did commence the administrative process, but did not complete it. The plaintiffs provided no rebuttal, by affidavit or otherwise, with regard to any of the issues raised in defendants' motion to dismiss.

Under § 506.384.2, a court may exercise jurisdiction over a claim without first requiring the exhaustion of administrative remedies only if the claim, on its face, is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although there is doubt as to the merit of plaintiffs' claims, the trial court did not find that all of plaintiffs' petition was on its face frivolous or malicious. It is also not clear that *all* of the claims in the petition fail to state a claim upon which relief may be granted.[2] Also, not all the claims are limited to seeking monetary relief from defendants who are immune from such relief (because the petition also sought injunctive relief). Accordingly, it would appear that the trial court was required to dismiss the petition for failure to exhaust administrative remedies, rather than to proceed to address the legal merits of the petition.

### Conclusion

Because the trial court lacked jurisdiction to address the merits of the petition, and because the court properly found that plaintiffs had failed to exhaust their administrative remedies, the case is remanded to the circuit court for the court to amend the dismissal so as to remove rulings on the merits of the claims and to recite that the case is dismissed for failure to exhaust administrative remedies.

---

**2.** Nevertheless, it appears that there are many deficiencies to the petition of plaintiffs, as the trial court noted, in that many of their claims for monetary damages and attorney's fees appear to be without legal basis.