**STATE of Missouri, Respondent,**

v.

**John WALLINGFORD, Appellant.**

**No. WD 58409.**

Missouri Court of Appeals,
Western District.

Feb. 27, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2001.

Nancy McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Emily K. Wiggins, Asst. Atty. Gen., Jefferson City, for respondent.

HOLLIGER, Presiding Judge.

Appellant John Wallingford was charged with three counts of delivery of a controlled substance in violation of § 195.211. On February 7, 2000, Wallingford was found guilty on all three counts. He was later sentenced as a prior and persistent offender to 14 years on each count. The sentences were directed to run concurrently. All of the sales were made to a confidential informant wearing a body microphone and transmitter. Wallingford raises one point on appeal, contesting the admission of testimony by a police officer as to the content of the conversations between the informant and Wallingford. We affirm the convictions.

On November 18, 1997, Buchanan County Strike Force confidential informant Gerald Ashford arranged to obtain crack cocaine from Wallingford. Before meeting with Wallingford, Ashford met with Strike Force member Frank Till. Ashford was given $100 to purchase the cocaine as well as an audio recorder (also known as a body microphone) and a transmitter. Ashford, followed by Till, drove to Beth Wallingford's residence. Till parked two blocks away, but could still hear what was going on through the transmitter. At trial, Till testified that he heard Ashford greet Wallingford by saying, "Hi John."

On November 24, 1997, Ashford again made arrangements to purchase crack cocaine from Wallingford. Another confidential informant, Kimberly Merritt, accompanied Ashford on this buy. This time, Merritt was given the audio transmitter and recording device and the $100 buy money. Merritt and Ashford met Wallingford in a bar. An unidentified woman accompanied Wallingford. Wallingford and the woman got into Ashford's car and, again, drove to Beth Wallingford's house. Till followed. Merritt and Ashford told Wallingford they wanted to purchase a $100 rock of crack cocaine. Wallingford told them "the guy" was on his way. Soon after, a car pulled up and the unidentified woman approached the driver's side window. Merritt gave Wallingford the money, who then handed it to the unidentified woman in exchange for the drugs.

On January 23, 1998, Ashford again arranged to buy crack from Wallingford. This time he was accompanied by Strike Force member Brian Lupe. As before, Ashford was given an audio transmitter, body microphone and $100 as buy money. Lupe and Ashford drove to Vivian Cooper's house, where Wallingford was staying, with Till following them. At trial, Till was permitted to testify, over objection, to the conversations he heard between Ashford and Wallingford on the first and third transactions.

In his sole point on appeal, Wallingford contends that the trial court erred in allowing Till to testify to what he heard during the November 18, 1997 and January 23, 1998 drug buys.[1] At trial, each time Till was asked to iterate what he heard over the transmitter, Wallingford objected. Each time Wallingford's objec-

tions were overruled and Till was permitted to testify as to the conversation that took place between Ashford and Wallingford. Wallingford argues that Till's testimony was inadmissible hearsay.

The state counters by claiming: (1) the statements were not hearsay, (2) the dangers of admitting hearsay were nonexistent in this case because Ashford testified at trial and was subject to cross examination, and (3) Till's testimony was cumulative to evidence already before the court and, therefore, Wallingford was not prejudiced by the hearsay.

■ Hearsay is an out-of-court statement offered to prove the truth of the mattered asserted that depends on the veracity of the statement for its value. *State v. Sutherland,* 939 S.W.2d 373, 376 (Mo. banc 1997). Trial courts have broad discretion in determining whether to admit or exclude testimony. *State v. Morrow,* 968 S.W.2d 100, 106 (Mo. banc 1998). Absent a clear abuse of discretion, an appellate court will not interfere with a ruling on the admission or exclusion of evidence. *State v. Ferguson,* 727 S.W.2d 204, 207 (Mo.App.1987).

■ Courts generally exclude hearsay because of the inherent lack of trustworthiness that accompanies such testimony. *State v. Link,* 25 S.W.3d 136, 145 (Mo. banc 2000). Hearsay testimony is generally not trustworthy because the out-of-court statement is not subject to cross-examination, is not offered under oath, and neither the judge nor the jury is able to judge the declarant's demeanor in assessing witness credibility. *Id.*

As to the first drug transaction, Till testified, over objection, that the informant identified the other man as "John." Till

---

1. We note that in the conclusion portion of his brief, Wallingford asks for relief on all three charges. However, in his point on appeal, he does not challenge testimony given

regarding the November 24, 1997, "buy." There was no hearsay objection to the testimony about what was overheard during this drug buy.

also testified over objection as to the informant's request to buy a hundred dollar piece of crack cocaine and "John's" response, which ultimately led to the purchase.[2] As to the third sale, Till testified that he heard the informant ask again for a "hundred." The suspect responded that he only had a "thirty."[3] At trial, Ashford identified Wallingford as the seller and testified to essentially the same conversations related by Till. Ashford testified before Till.

We find that Till's testimony regarding the conversations he heard over the transmitter as to the first and third drug transactions were not hearsay and, thus, the trial court did not abuse its discretion in admitting the evidence.

■ Wallingford spends much of his argument concentrating on the greeting by Ashford, identifying the suspect in the first sale as "John." The state first argues that the statement "hi John" is not hearsay at all. Alternatively, it argues that Wallingford's response, or lack thereof, to this greeting was a tacit admission and even if the testimony was hearsay, it would be admissible as an admission by a party opponent. Wallingford does not clearly articulate the basis for his contention that the use of the name was hearsay. It is unclear whether he objects because it is Ashford's out-of-court statement being related by Till or because Ashford could have only known the name based on hearsay. Evidence of a person's name, or a name by which he is known, is generally not within the rule excluding hearsay evidence. *State v. Cannon,* 692 S.W.2d 357, 359 (Mo.App.1985). Nor is testimony of a person's name considered a conclusion. *State v. Deppe,* 286 S.W.2d 776, 781 (Mo. 1956). "The witness's answer is based on

his knowledge, although a knowledge acquired through hearsay. A person's *name* is the title by which habitually he calls himself and others call him, and though the source of information as to one's name may be hearsay, yet it is universally relied upon as a source of knowledge." *Id.;* citing Vol. II WIGMORE ON EVIDENCE, 3d Ed § 667a. We also note that Wallingford did not object to Ashford's trial testimony on any theory that his name would only be known to Ashford based on hearsay, nor do we think that theory would have any merit.

■ The suspect in the first drug buy made no denial or correction of the salutation, "Hi John." By not correcting Ashford, or denying that his name was John, Wallingford's omission serves as a tacit admission of the correctness of the greeting used by Ashford. It was thus admissible as an admission by a party opponent and is, in fact, outside the hearsay doctrine. *State v. Brown,* 833 S.W.2d 436, 438 (Mo.App.1992). Courts find admissions of party opponents outside the hearsay doctrine because "the hearsay rule is designed to protect a party from out-of-court declarations of other persons who cannot be cross-examined as to the bases of the their perceptions, the reliability of their observations, and the degree of their biases." *Id.* In the case of an admission by a party opponent, the declarant is a party to the case, and "an objection on the basis of hearsay cannot make sense because the party against whom it is offered *does not need to cross-examine himself.*" *Id.* at 438–39. Further, a defendant does not have to expressly acknowledge his guilt in order for his statements, or lack thereof, to qualify as admissions. *State v. Gilmore,* 22 S.W.3d 712, 718 (Mo.App.

2. In this sale the informant and the seller were in visual surveillance but not closely enough that Till could identify the seller.

3. This sale occurred inside a residence and neither the informant nor the suspect was under visual surveillance.

1999). In our case, although Wallingford did not respond one way or the other to being called "John," he, nevertheless, tacitly adopted Ashford's statement, "either by silence or by other conduct significantly acquiescing in the import of the damaging statement." *Id.* "All that is required for the admission of a party opponent to be admitted into evidence is that the statements must be material to the issues of the case, must have sufficient probative value to be relevant, and must be offered by the opposing party." *Id.* In our case, Till's testimony as to Ashford's greeting of "Hi John," and Wallingford's subsequent lack of a response, is material to the case, is relevant and was offered by the opposing party. Therefore, we find Ashford's testimony to be outside the protections of the hearsay doctrine and properly admitted by the trial court.

As indicated previously, it is difficult to discern whether appellant also complains that Till's testimony about the remaining parts of the conversations is also hearsay. Although he made a blanket objection to all such testimony at trial, he makes only passing reference to any other portions of the conversations beyond the use by Ashford of the name "John." He does not contend that there is an insufficient foundation to show that the statements attributed to him were in fact made by him. The statements attributed to Wallingford are admissible as declarations against interest. *State v. Moiser*, 738 S.W.2d 549, 556 (Mo.App.1987). The portions of the conversations between Ashford and Wallingford, as related by Till, were not offered as to the truth of Ashford's statements, but rather to give meaning to the statements by Wallingford and the drug transaction that took place. *Id.* The court, in *Moiser*, held that an officer's testimony to a conversation he heard between an informant and a defendant over a body microphone planted on the informant was properly admitted and not hearsay. *Id.* The court held that the conversation between the two was an inextricable element of the sale. *Id.* The conversations to which Till testified immediately preceded or were contemporaneous with the sale of the crack cocaine. Till testified that during all the buys Ashford approached Wallingford, requested drugs, and that Wallingford, on all occasions, responded that he could facilitate the buy and, then, did provide Ashford with the drugs. These conversations are so inherently part of the crime of the sale of drugs that they give meaning to the sale itself.

■■■■■ Hypothetically speaking, even if Till's testimony constituted incorrectly admitted hearsay, in order for wrongly admitted hearsay to constitute a reversal, an appellant must show that he suffered prejudice as a result of the error. *State v. Haddock*, 24 S.W.3d 192, 195 (Mo.App. 2000). Wallingford could not have been prejudiced by Till's testimony because Ashford was present at trial, as an in-court witness.[4] During his testimony, Ashford provided the same information that Investigator Till did and was subject to cross-examination after doing so. Because Ashford was a witness at trial and available for cross-examination, the dangers surrounding hearsay are not present in this case. Since the facts from Till's testimony were already in evidence as a result of Ashford's testimony, we find that Wallingford suffered no prejudice from the admission of the hearsay and would find no reason to reverse the conviction.

LOWENSTEIN, and NEWTON, JJ, concur.

---

**4.** In *Moiser,* similar testimony was submitted even though the informant did not testify.