**John A. WALLINGFORD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 85557.**

Supreme Court of Missouri,

March 30, 2004.

As Modified on Denial of Rehearing
April 27, 2004.

Susan L. Hogan, Office of the State Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Adriane D. Crouse, Assistant Attorney General, Jefferson City, for respondent.

DUANE BENTON, Judge.

John A. Wallingford filed a motion for post-conviction relief, under Rule 29.15. He did not sign the motion within the 90–day filing time. The circuit court dismissed the motion. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

Wallingford's felony convictions were affirmed on direct appeal. *State v. Wallingford*, 43 S.W.3d 852 (Mo.App.2001). On the last day of the 90–day period, he filed a *pro se* Rule 29.15 motion. He did not sign the declaration on the motion, but did sign the *in forma pauperis* affidavit. The circuit court appointed counsel, who filed an amended motion. Four days later—after all filing deadlines expired—Wallingford filed a "Motion to Correct Clerical Mistake under Rule 29.12(c)." He alleged he inadvertently forgot to sign the original motion. A month later, Wallingford filed a signed "Declaration" for the original motion. In the accompanying "Motion to Accept Movant's Declaration Pursuant to Tooley v. State," his counsel states that she discovered the error "just prior to filing the amended motion." The circuit court dismissed, finding no jurisdiction over a motion not signed within the original 90–day period. Appellate review is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k).

█ Rule 55.03 applies to post-conviction motions. *State v. Simmons*, 955

S.W.2d 729, 745 (Mo. banc 1997). Rule 55.03(a) requires every motion be signed by the party if filed *pro se*. "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Rule 55.03(a). Wallingford argues that his motion should not be stricken because he promptly corrected the signature after his attorney called the error to his attention.

The circuit court held that Wallingford's "signature remains as a mandatory element for jurisdiction to attach," citing *Tooley v. State*, 20 S.W.3d 519 (Mo. banc 2000). The circuit court ruled that Wallingford's "failure to sign his motion renders it a nullity," again citing *Tooley*.

While these general propositions are accurate, the specific holding of *Tooley* is that under Rule 55.03(a), movants have the opportunity to correct omission of a signature. Rule 55.03(a) applies where the dismissal occurs within the original 90–day filing period, as in *Tooley*, or where it occurs later, as in this case.

Wallingford promptly corrected the omission of the signature, in accordance with Rule 55.03(a). The judgment is reversed, and the cause remanded.[1]

All concur.

---

**1.** Wallingford also objects to the motion court's assessment of $108 court costs against him. Because the judgment is reversed, this Court need not address the various arguments about the assessment.