**James ROBERSON, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 62658.**

Missouri Court of Appeals,
Western District.

Aug. 17, 2004.

Susan L. Hogan, Kansas City, MO, for appellant.

Andrea K. Spillars, Assistant Attorney General, Jefferson City, MO, for respondent.

Before NEWTON, P.J., BRECKENRIDGE and SPINDEN, JJ.

PATRICIA BRECKENRIDGE, Judge.

James Roberson, Jr., appeals the denial of his Rule 29.15 motion without an evidentiary hearing. He raises three points on appeal. These points were originally considered by this court in an opinion handed down on February 24, 2004. In that opinion, this court concluded that discussion of Mr. Roberson's first two points would have no precedential value and affirmed those points by summary order pursuant to Rule 84.16(b). A memorandum of the reasons for the decision as to those issues was provided to the parties. In the published opinion, this court addressed only Mr. Roberson's third point, which was that the motion court erred in ordering him to pay court costs. This court found that the Prisoner Litigation Reform Act (PLRA) does not provide authority to assess court costs against indigent movants in Rule 29.15 proceedings and, therefore, the order assessing costs was reversed. The cause was remanded to the motion court to order reimbursement to Mr. Roberson of any costs paid.

As this court noted in the original opinion, the case relied upon for its holding regarding the assessment of court costs, *Wallingford v. State*, No. WD 61316, slip op. at 6–11 (Mo.App. July 31, 2003), was transferred to the Supreme Court of Missouri on December 15, 2003. *Roberson v. State*, No. WD 62658, slip. op. at 2 n. 1, 2004 WL 330105 (Mo.App. Feb. 24, 2004). After the mandate was issued in this case on March 17, 2004, the Supreme Court handed down its opinion in *Wallingford*, in which it reversed the motion court on another issue and did not address the propriety of assessing court costs under the PLRA in post-conviction proceedings. *Wallingford v. State*, 131 S.W.3d 781, 782 n. 1 (Mo. banc 2004).

■ Because this court's opinion in *Wallingford* was vacated by the Supreme Court, it cannot be relied upon as authority for reversing the assessment of court costs in this case. Although unusual, this court is permitted to recall its mandate on its own motion "to correct errors that occurred in appellate proceedings." *City of Excelsior Springs v. Elms Redevelopment Corp.*, 18 S.W.3d 53, 55 (Mo.App.2000). To correct the error in this case, this court recalls its mandate, on its own motion, and issues this new opinion to provide authority for its holding that the motion court erred in assessing court costs against Mr. Roberson.

The history of the proceedings against Mr. Roberson is that a jury convicted him of the felony of forcible rape, in violation of

section 566.030, RSMo 2000. He was sentenced, as a prior and persistent offender, to twenty-five years in prison. This court affirmed Mr. Roberson's conviction and sentence on direct appeal in *State v. Roberson*, 75 S.W.3d 893 (Mo.App.2002).

Mr. Roberson subsequently filed a *pro se* Rule 29.15 motion and was granted leave to proceed on his motion in forma pauperis. The motion court appointed counsel for Mr. Roberson. Thereafter, Mr. Roberson's appointed counsel filed an amended motion. The motion court denied Mr. Roberson's amended Rule 29.15 motion without an evidentiary hearing. The motion court then entered another judgment ordering him to pay $92 in court costs. The motion court stated that it was assessing costs against him pursuant to the PLRA.

On appeal, Mr. Roberson argues that the PLRA does not encompass Rule 29.15 as a civil action requiring the payment of costs. A post-conviction motion is a civil action filed by an offender. *State v. Basile*, 942 S.W.2d 342, 362 (Mo. banc 1997). The PLRA, which is found in sections 506.360 to 506.390, RSMo 2000, addresses several issues connected with civil actions brought by or against offenders.[1] The motion court did not specify the PLRA section on which it relied for the authority to order Mr. Roberson to pay court costs, so all of the sections will be examined. The PLRA provision that addresses the payment of costs in a judgment is section 506.378. Section 506.378 provides that "[i]f a judgment against an offender includes the payment of costs, the offender shall pay the full amount of costs ordered in the same manner as provided in section 506.372 or as otherwise authorized by law." Section 506.372 provides a procedure for an offender to pay court costs in monthly installments, based on the offender's monthly income.[2]

In determining whether these PLRA sections provide the authority for the motion court to order indigent movants such as Mr. Roberson to pay costs in Rule 29.15 proceedings, this court looks at the plain and ordinary meaning of the language used in the statutes. *State, Dep't of Soc. Servs., Div. of Aging v. Brookside Nursing Ctr., Inc.*, 50 S.W.3d 273, 276 (Mo. banc 2001). The plain and ordinary meaning of the language of sections 506.378 and 506.372 presupposes the authority to enter an order assessing costs against the indigent offender. *See* section 506.378 ("If a judgment against an offender includes the payment of costs, . . .") *and* section 506.372 ("If the court has entered an order for payment of fees in installments . . ."). While these PLRA sections provide the *mechanism* by which indigent offenders can pay costs where the court has the authority to order such costs, the statutes do not grant the *authority* to order indigent offenders to pay costs in such cases.

All the remaining sections of the PLRA contain provisions that are clearly inapplicable to post-conviction relief cases. For example, section 506.366 provides a proce-

---

1. The term "offender," as used in the PLRA, means "a person under supervision or an inmate in the custody of the department." Sections 506.363 and 217.010(12).

2. Section 506.372 states:
   If the court has entered an order for payment of fees in installments pursuant to section 506.369, the offender shall make monthly payments to the department of corrections of twenty percent of the preceding month's income credited to the offender's account until the fees are paid in full. The department of corrections shall forward payments from the offender's account to the department of revenue for deposit to the general revenue fund until the fees are paid in full. The department of corrections shall establish written guidelines for the priority of payment consistent with state and federal law.

dure for waiver of the pre-payment of the entire filing fee in civil actions or appeals brought by an indigent offender.[3] Where an indigent offender files a motion for waiver of the prepayment of the entire filing fee in a civil action under section 506.366, section 506.369 provides a procedure for the court to order the indigent offender to make partial payment of court costs due with respect to the case.[4]

These statutes do not apply to post-conviction proceedings because a Rule 29.15 movant does not need to file a motion under section 506.366 requesting the waiver of prepayment of fees. Rule 29.15(b) specifically states that "[n]o cost deposit shall be required." If the movant in a Rule 29.15 case is seeking to proceed as an indigent, the movant does not utilize the provisions of the PLRA but, rather, is required by Rule 29.15 to file a Forma Pauperis Affidavit. Rule 29.15(a) specifically states that "[t]his Rule 29.15 provides the *exclusive procedure* by which [a person

convicted of a felony after trial] may seek relief in the sentencing court for the claims enumerated." (Emphasis added.) Under Rule 29.15(b), a motion for relief under the rule shall be "substantially in the form of Criminal Procedure Form No. 40." Form No. 40 provides that "[i]f the motion is taken in forma pauperis, it shall include an affidavit setting forth information that establishes that movant will be unable to pay costs of the proceedings." Thus, when a post-conviction movant is seeking to proceed as an indigent, the indigency procedures of Rule 29.15, rather than the indigency procedures of sections 506.366 and 506.369 of the PLRA, govern.

Other sections of the PLRA are also inapplicable to Rule 29.15 proceedings. Sections 506.375(1) and (3) provide for the dismissal of the offender's civil action where the allegation of indigency is untrue or the defendant is immune from the cause of action.[5] In a post-conviction relief case, however, where the movant asserting indi-

---

3.  Section 506.366 provides:

    An offender seeking to bring a civil action or to appeal a judgment in a civil action without the prepayment of fees or security due to indigency shall submit a request to the court to proceed without the prepayment of fees. The request shall include a certified copy of the offender's correctional center account statement, which shall be provided by the department of corrections for the six-month period immediately preceding the filing of the petition or notice of appeal.

4.  Section 506.369 states:

    1. If the court receiving a motion pursuant to section 506.366 determines that an offender is unable to pay the full amount of court costs due with respect to a case, the court shall assess a partial payment of the twenty percent of the greater of the following:

    (1) The average monthly deposits to the offender's account for the six-month period immediately preceding the filing of the complaint or notice of appeal requiring the payment of a fee; or

(2) The average monthly balance in the offender's account for the six-month period immediately preceding the filing of the complaint or notice of appeal requiring the payment of a fee.

    2. If a trial court has entered an order pursuant to subsection 1 of this section upon the filing of plaintiff's petition, the determination of the court shall apply to the case until final judgment is entered by either the trial or an appellate court.

5.  Section 506.375 states:

    Notwithstanding any court costs which have been paid, the court shall dismiss an offender's civil action or appeal from a judgment in a civil action at any time, including before service on the defendant, if the court determines any of the following:

    (1) The allegation of indigency is untrue;

    (2) The litigation is frivolous, malicious or fails to state a claim upon which relief may be granted; or

    (3) The defendant is immune from the cause of action.

gency is found not to be indigent, Rule 29.15 does not provide for the dismissal of the case. Rather, the public defender is simply no longer available to represent the movant and the motion court changes its order permitting the movant to proceed in forma pauperis. *See Bennett v. State*, 88 S.W.3d 448, 450 (Mo. banc 2002). Dismissal on the basis of the defendant's immunity is also inapplicable to post-conviction relief cases because the defendant in a Rule 29.15 proceeding is the State, and Rule 29.15 does not provide the State with any immunity from post-conviction relief claims. Additionally, the PLRA contains provisions requiring review, before docketing or shortly thereafter, of a complaint in which an offender seeks redress from a governmental entity, officer, or employee, section 506.381; requiring exhaustion of administrative remedies, section 506.384; discussing how monetary damages awarded to an offender in connection with a civil action are to be paid, section 506.387; and requiring the notification of crime victims pending payment of compensatory damages to an offender in connection with a civil action, section 506.390; none of which are applicable to post-conviction relief cases.

■ When interpreting statutes, "[t]he provisions of a legislative act are not read in isolation but construed together and read in harmony with the entire act." *Brookside Nursing Ctr.*, 50 S.W.3d at 276. While provisions in the PLRA broadly refer to applying to a "civil action" filed by an offender, the context of the act as a whole indicates that the legislature did not intend that the PLRA encompass post-conviction relief claims.[6] This interpretation is consistent with the statement in Rule 29.15(a) that "[t]his Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." This court finds that the PLRA did not provide the motion court with the authority to assess costs against Mr. Roberson, an indigent movant in a Rule 29.15 proceeding.

■ That conclusion does not end our inquiry, however, because the motion court's order assessing costs should be affirmed if it is cognizable under any theory. *See, e.g., Cameron Mut. Ins. Co. v. Woods*, 88 S.W.3d 896, 900 (Mo.App.2002). The statute that generally authorizes the recovery of costs in civil actions is section 514.060, which provides that "[i]n all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." If the plaintiff in a civil case is permitted to sue as a poor person, however, the payment of costs is governed generally by section 514.040. Section 514.040.1 provides that when the plaintiff in a civil case is permitted to sue as a poor person, "such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge as the court determines the person cannot pay[.]"

Identical language in one of the predecessor versions of this statute, section

---

**6.** Cases citing PLRA statutes generally have involved inmate suits against employees in correctional institutions. *See Cooper v. Minor*, 16 S.W.3d 578, 580 (Mo. banc 2000) (inmate filed petition for declaratory judgment challenging "the prison officials' actions in confiscating his papers and the amount of time assessed in segregation"); *Adams v. Schriro*, 31 S.W.3d 461, 462 (Mo.App.2000) (inmates sued director and other officials of the department of corrections, claiming that the officials mishandled prison canteen receipts); *Harris v. Munoz*, 6 S.W.3d 398, 399 (Mo.App.1999) (inmate brought suit in small claims court against prison employees, alleging that the employees were responsible for the loss of certain possessions).

1240, RSMo 1929, has been interpreted as prohibiting the recovery of costs against a plaintiff who was permitted to proceed as an indigent. In *Isbell v. Biederman Furniture Co.*, 115 S.W.2d 46, 51 (Mo.App. 1938), the appellant challenged the court's taxing costs against her after judgment was entered in favor of respondent. Finding that the appellant's claim of error regarding the assessment of costs was "well taken," the court noted that the trial court had granted her permission to prosecute her suit "in accord with the provisions of section 1240, R.S.Mo.1929." *Id.* Because the language of section 1240, RSMo 1929, provided, like the current section 514.040.2, that "such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge," the court reversed the assessment of costs against the appellant. *Id. See also State ex rel. Miller v. Smith,* 120 S.W.2d 184, 185 (Mo.App.1938).

Additionally, while section 514.040.2 provides that, in a civil action brought by an imprisoned convicted offender, "the court shall not reduce the amount required as security for costs upon filing such suit to an amount of less than ten dollars," the subsection states that it does not apply to any action for which no cost deposit is required. As noted earlier, no cost deposit is required for a Rule 29.15 motion. Rule 29.15(b). Moreover, although section 514.040.1 states that costs shall be recovered against an indigent plaintiff where judgment is entered for the plaintiff, this appears to presuppose a money judgment. A money judgment is not available in a Rule 29.15 proceeding. *See* Rule 29.15(j) (listing available forms of relief). In any event, this provision would be inapplicable in this case because judgment was entered for the State. Thus, section 514.040, read in its entirety and with Rule 29.15, provides that an indigent Rule 29.15 movant is not only not required to pay a cost deposit, but is also not required to pay costs at any other stage of the proceedings. Mr. Roberson's third point is granted.

The judgment of the motion court denying Mr. Roberson's Rule 29.15 motion is affirmed. Rule 84.16(b). The order assessing costs against Mr. Roberson is reversed, and the cause is remanded to the motion court to order reimbursement to Mr. Roberson of any costs paid.

All concur.