James A. BLANTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 64272.

Missouri Court of Appeals, Western District.

April 12, 2005.

Margaret Mueller Johnson, Office of Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels, David Barrett, Office of Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

James A. Blanton appeals the circuit court's judgment denying his Rule 24.035 motion to set aside his conviction based on his pleading guilty to two counts of the Class B felony of sale of a controlled substance. The state contends that we lack jurisdiction in this action because Blanton's Rule 24.035 motion was unsigned. We agree and dismiss his appeal.

Blanton filed his motion to vacate, set aside or correct the judgment and sentence on March 11, 2003, but did not sign the motion. An unsigned motion for post conviction relief is a nullity and does not invoke the circuit court's jurisdiction. *Tooley v. State*, 20 S.W.3d 519, 520 (Mo. banc 2000); *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990), *cert. denied*, 500 U.S. 929, 111 S.Ct. 2044, 114 L.Ed.2d 128 (1991).[1] The Supreme Court has instructed:

The signature requirement is not a hollow, meaningless technicality. It constitutes a certificate that the filing is not

---

1. When the Supreme Court decided Malone, it required that the signature also be verified. The Supreme Court, however, eliminated the verification requirement in *State v. White*, 873 S.W.2d 590, 594 (Mo. banc 1994).

for any improper purpose and is well grounded in fact and primarily has the objective of the elimination from the court system of groundless actions. Requiring a signature also makes certain the party actually assents to the filing of the action on his or her behalf.

*Tooley,* 20 S.W.3d at 520.

Although Rule 55.03(a)[2] gives the movant an opportunity to correct the missing signature and although the record establishes that Blanton knew as early as January 20, 2005, that he had not signed his motion, Blanton never "promptly" sought to correct the deficiency. *See Tooley,* 20 S.W.3d at 520;[3] *Wallingford v. State,* 131 S.W.3d 781 (Mo. banc 2004).[4] Hence, we have an unsigned motion and an alleged judgment from the circuit court ruling on that unsigned motion. For jurisdiction to attach, Blanton's signature remains a mandatory element, and his failure to sign the motion rendered it a nullity. *Tooley,* 20 S.W.3d at 520. Because the circuit court did not have jurisdiction when it ruled on Blanton's motion, this court lacks jurisdic-

tion to consider it. Hence, we dismiss Blanton's appeal.[5]

VICTOR C. HOWARD, Judge, and THOMAS H. NEWTON, Judge, concur.

2. Rule 55.03(a) was amended effective January 1, 2005. Before January 1, 2005, Rule 55.03(a) said, "Every pleading, motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name or, if the party is not represented by an attorney, shall be signed by the party.... An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

3. In *Tooley,* the circuit court dismissed the movant's unsigned Rule 24.035 motion before the expiration of the 90 days within which a *pro se* motion could be filed. The Supreme Court ruled that the movant should have been given the opportunity to correct the missing signature on the motion pursuant to Rule 55.03(a). *Tooley,* 20 S.W.3d at 520.

4. In *Wallingford,* the circuit court dismissed the movant's unsigned Rule 29.15 motion after the expiration of the 90 days within which a *pro se* motion could be filed. The movant,

however, four days after the filing deadline expired, filed a motion seeking to correct the missing signature. The Supreme Court ruled that movant's motion should not be dismissed because he promptly corrected the missing signature on the motion in accordance with Rule 55.03(a). *Wallingford,* 131 S.W.3d at 782.

5. To the extent that Blanton asserts that Blanton's missing signature illustrates the abandonment he suffered at the hands of his appointed counsel, we are not persuaded. "If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion." *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). The missing signature on Blanton's *pro se* motion was due to Blanton's negligence or his failure to act—not his attorney's.