**Jerald Douglas DENNY, Appellant,**

v.

**STATE of Missouri, Respondent.**

### No. WD 65091.

Missouri Court of Appeals,
Western District.

Dec. 6, 2005.

Nancy A. McKerrow, Columbia, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before ROBERT G. ULRICH, P.J., PATRICIA A. BRECKENRIDGE and JAMES M. SMART, JJ.

ROBERT G. ULRICH, Presiding Judge.

Jerald D. Denny appeals the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. Mr. Denny sought to vacate his conviction for the class D felony of driving while his license was revoked, section 302.321, RSMo 2000, and sentence as a prior and persistent offender to four years imprisonment. He claims the motion court denied him due process of law by failing to enter specific findings of fact and conclusions of law on each of his claims in that meaningful appellate review of the judgment is not possible. Because the motion court never acquired jurisdiction over this matter, the judgment is reversed and the case remanded.

On March 22, 2004, Mr. Denny entered a guilty plea to one count of driving while his license was revoked. Mr. Denny was sentenced as prior and persistent felony offender to four years imprisonment. On April 12, 2004, Mr. Denny filed his *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 24.035. Counsel, appointed to represent Mr. Denny, filed "Counsel's Statement in Lieu of Amended Motion Under Rule 24.035." Appointed counsel determined that she would not file an amended motion because no potentially meritorious claims had been omitted from Mr. Denny's *pro se* motion. The motion court overruled Mr. Denny's motion, without an evidentiary hearing, on January 24, 2005. Mr. Denny's timely appeal followed.

■ Mr. Denny's sole point on appeal is that the trial court erred in overruling his motion without entering specific findings of fact and conclusions of law on each of his claims and that this denied him due process of law in that it makes meaningful appellate review of the judgment impossible. The merits of Mr. Denny's appeal are not reached, however, as the motion court never acquired jurisdiction to consider the motion.

■ Mr. Denny failed to sign his pro se motion. Rule 55.03 applies to motions for postconviction relief and requires that

motions be signed by the party if the party is not represented by counsel at the time the motion is filed. *Tooley v. State,* 20 S.W.3d 519, 520 (Mo. banc 2000); Rule 55.03(a). This signature requirement "is not a hollow, meaningless technicality." *Tooley,* 20 S.W.3d at 520. The movant's signature is a mandatory element for jurisdiction to attach. *Id.* An unsigned motion for postconviction relief is a nullity and does not invoke the motion court's jurisdiction. *Blanton v. State,* 159 S.W.3d 870, 870 (Mo.App. W.D.2005); *Tooley,* 20 S.W.3d at 520. Because the motion court never acquired jurisdiction, it did not have the power to appoint counsel or rule on the motion. Its judgment must be reversed.

Rule 55.03 further provides that an unsigned filing shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party making the filing. Rule 55.03(a). There is no indication that this omission has been brought to Mr. Denny's attention. Apparently the motion court, Mr. Denny's appointed counsel, and the State all overlooked the deficiency. Now that the omission has been brought to Mr. Denny's attention, he must promptly correct the deficiency or his motion will be stricken. This is an opportunity for Mr. Denny to correct the error and sign the motion; this is not an opportunity for Mr. Denny to amend his motion in any manner. Mr. Denny's time frame within which to file a motion has long since lapsed; thus, he has the opportunity to sign his original *pro se* motion but may not file a new or amended motion. Rule 24.035(b). If he chooses to remedy the oversight, the motion court will have jurisdiction to rule on the motion.

Mr. Denny filed his motion on April 12, 2004. More than one year later, he will be given the opportunity to correct the omission of his signature pursuant to Rule 55.03(a). A party is allowed to utilize this provision regardless of how much time elapses before the deficiency is called to his or her attention. *See, e.g., Blanton,* 159 S.W.3d at 870–71 (noting that unsigned postconviction motion was filed March 11, 2003, and that movant could have cured deficiency if he had promptly corrected omission and signed motion when he learned of it on January 20, 2005); *Wallingford v. State,* 131 S.W.3d 781, 782 (Mo. banc 2004)(stating: "[T]he specific holding of *Tooley* is that under Rule 55.03(a), movants have the opportunity to correct omission of a signature. Rule 55.03(a) applies where the dismissal occurs within the original 90–day filing period, as in *Tooley,* or where it occurs later, as in this case.").

The judgment of the motion court is reversed and the case is remanded for action consistent with this opinion.

All concur.