Jessie **CARTER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. SC 87074.

Supreme Court of Missouri,
En Banc.

Jan. 10, 2006.

---

5. *Nixon,* 160 S.W.3d at 380.

Scott H. Thompson, Office of the Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.[1]

Jessie Carter's convictions for first degree murder were affirmed on appeal. *State v. Carter*, 71 S.W.3d 267 (Mo.App. 2002). The court of appeals mandate issued on April 15, 2002. Within 90 days after April 15, Carter's post-conviction motion was due. *Rule 29.15(b)*. The Jackson County Circuit Court initially filed Carter's unsigned post-conviction motion on July 8, which is 84 days after the mandate issued. The Jackson County court forwarded Carter's motion to Maries County, which was the proper venue. The Maries County court filed the motion on July 17, which was 93 days after the mandate issued. The Maries County court dismissed the motion as untimely filed. The motion, although unsigned, was timely filed. The judgment is reversed, and the case is remanded.

### Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of law of the motion court are clearly erroneous. *Rule 29.15(k)*. Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Johnson v. State*, 102 S.W.3d 535, 537 (Mo. banc 2003).

### Discussion

The state concedes that *Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004), controls and Carter's pro se motion is timely filed if the original motion was properly completed.[2] The state argues, however, that the motion court did not acquire jurisdiction of the original motion because Carter did not sign it.[3]

Carter did sign a timely filed amended motion. As noted in *Wallingford v. State*, 131 S.W.3d 781, 782 (Mo. banc 2004), Rule 55.03 applies to post-conviction motions. Rule 55.03(a) requires every motion to be signed by the party if filed pro se. An unsigned paper shall be stricken unless omission of the signature is corrected

---

1. After opinion by the Court of Appeals, Southern District, this Court ordered the case transferred. This Court has jurisdiction. *Mo. Const. article V, section 10.*

2. The motion court did not have the benefit of *Nicholson* when it dismissed Carter's motion.

3. Carter did sign the in forma pauperis motion that was a part of the original Rule 29.15 motion.

promptly after being called to the attention of the attorney or party. As in *Wallingford,* when Carter's attorney called the lack of signature to Carter's attention, it was corrected promptly by the filing of a properly signed amended motion.[4] Because the original motion was timely under *Nicholson* and Carter's lack of signature was promptly corrected under *Wallingford,* the motion court erred in dismissing the motion as untimely.

The judgment is reversed, and the case is remanded.

All concur.

---

4. In *Wallingford,* the movant initially sought to correct the lack of signature four days after the amended motion was filed. *Wallingford* at 781.