**John W. CROWDER, Movant–Appellant**

v.

**STATE of Missouri, Respondent.**

No. 27227.

Missouri Court of Appeals, Southern District, Division One.

May 17, 2006.

Mark A. Grothoff, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

John W. Crowder (movant) was convicted, following a jury trial, of the class A felony of assault in the first degree, § 565.050,[1] and armed criminal action, § 571.015.1. Following incarceration, movant sought post-conviction relief as permitted by Rule 29.15. The trial court dismissed the motion. This court reverses and remands with directions.

Movant's Rule 29.15 motion was date-stamped in the Circuit Clerk's office as "Filed APR 04 2003." The motion court entered a handwritten memorandum dated "8–1 2005" that states as follows.

Case comes before this court for review of file. The court reviews this file and makes the following *findings of fact:*

1) [Movant] was sentenced to the Missouri Dept. of Corrections on 10–8–01 after a trial by jury[.] 2) [Movant] appealed said conviction and the conviction was affirmed by the Missouri Court of Appeals with said Mandate issued on 12–12–02[.] 3) [Movant's] motion for post-conviction relief was filed with the Phelps County Circuit Clerk's Office on April 4, 2003. *Conclusions of Law* [:] 1) Pursuant to Missouri Supreme Court Rule 29.15(b), [movant's] motion shall be filed within 90 days after the date the mandate of the appellate court is issued. 2) This court lacks jurisdiction to grant the relief sought in [movant's] motion as [movant's] motion was not filed in a timely manner.

On August 11, 2005, movant filed a motion entitled, "Motion to Reconsider Judgment Entered on August 1, 2005," that included the following allegations.

. . .

1. Movant was sentenced to the Missouri Department of Corrections on October 8, 2001 after a jury trial. The Missouri Court of Appeals affirmed Movant's convictions on direct appeal and issued its mandate on December 12, 2002. On February 28, 2003, Movant mailed his pro se motion under Rule 29.15 from the Missouri State Penitentiary in Jefferson City, Missouri to the Phelps County Circuit Court in Rolla, Missouri. Although Movant had signed and notarized the attached forma pauperis affidavit, he had inadvertently failed to sign the actual pro se motion for relief. On March 31, 2003, Movant received his pro se motion back from the Circuit Clerk with a note indicating that he needed to sign and return his motion. On April 1, 2003, Movant promptly signed the motion and replaced the same

---

1. References to statutes are to RSMo 1994.

in the mail to the Phelps County Circuit Court, together with an affidavit documenting these facts. (See attached affidavit, marked as Exhibit A). Movant's signed motion was filed with the Court on April 4, 2004[sic].

. . .

3. Counsel for Movant asserts that the Court's judgment of August 1, 2005 was erroneously entered. The Missouri Supreme Court has held that jurisdiction is restored whenever an unsigned pro se motion (otherwise timely filed) is promptly signed after the omission is brought to the litigant's attention. *Wallingford v. State,* 131 S.W.3d 781 (Mo.banc 2004)....

"Exhibit A" attached to the motion stated: On February 28, 2003, I forwarded my 29.15 motion to the Circuit Court of Phelps County. On March 31, 2003, because I had inadvertently failed to sign the 29.15 forms the Clerk of courts [sic] sent all three forms back to me with a note stating that I needed to sign all three forms. On April 1, 2003, I signed the 29.15 forms and notarized this letter as proof, that all three forms were promptly signed. The 29.15 motions were placed in the Missouri State Penitentiary mailing system by the law librarian Robyn Combs on April 1, 2003.

/s/ John W. Crowder

The signature on "Exhibit A" was followed by a notary's acknowledgment dated April 1, 2003.

The record on appeal does not reveal a ruling on the motion to reconsider. The motion court's docket entries reflect the filing of a Notice of Appeal on September 2, 2005, a letter from movant's attorney requesting copies of documents for a legal file, and the filing of a "document" denoted "Order" on September 7, 2005. The legal file includes a copy of an "ORDER" dated September 7, 2005, that granted movant's request to be permitted to proceed *in forma pauperis.* It bears the clerk's date-file stamp of September 7, 2005.

Movant's "Motion to Reconsider Judgment Entered on August 1, 2005," included allegations that the trial court committed errors of law in dismissing movant's Rule 29.15 motion. It is, therefore, treated as a motion for new trial pursuant to Rule 81.05.[2] *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 393 (Mo.banc 1993). Since it was not ruled by the trial court, the motion was deemed overruled upon expiration of 90 days following August 11, 2005, the date it was filed. Rule 78.06. Notice of Appeal was filed September 2, 2005. Although filed prematurely, it was considered as filed immediately after the time the judgment became final for purposes of appeal. *Trimble v. Pracna,* 51 S.W.3d 481, 492 (Mo.App.2001). *See* Rule 81.05(b).

Movant asserts one point on appeal. He contends the motion court erred in dismissing his Rule 29.15 motion as untimely "in that [movant] timely filed his unsigned motion and then promptly signed the same only one day after the Circuit Clerk brought the omission to his attention." He argues that his "prompt correction of the omission of his signature restored the Circuit Court's jurisdiction."

*Wallingford v. State,* 131 S.W.3d 781 (Mo.banc 2004), holds, as was asserted by movant in the motion to reconsider filed with the motion court, that a movant who inadvertently fails to sign his or her Rule 29.15 motion is entitled to the opportunity

**2.** Although not required, a motion for new trial may be filed in a matter before the court without a jury. Rule 73.01(d).

to promptly correct the omission of a signature although time for filing the motion has expired. *Id.* at 782. The motion court did not afford movant the opportunity to argue his motion to reconsider, although an affidavit alleging facts not appearing of record had been filed in support of that motion as permitted by Rule 78.05. Under the facts in this case, the motion court abused its discretion by failing to decide the pending after-trial motion and permitting it to be denied by operation of law. Movant's point on appeal is granted.

The order dismissing movant's Rule 29.15 motion is reversed. The case is remanded for the purpose of affording movant a hearing to determine if the motion court, under the facts of this case, has jurisdiction to determine movant's motion on the merits. The motion court may accept testimony in considering the issue presented by movant's motion to reconsider. Rule 78.05. *E.g., see also, Belviy v. State*, 873 S.W.2d 872 (Mo.App.1994).

RAHMEYER, P.J., and LYNCH, J., concur.