**Vincent HENDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 86359.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 30, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 2006.

agreement. Those accounts are the separate property of Ms. Thomas.

_____

Edward Scott Thompson, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

Vincent Henderson ("Movant") appeals from the motion court's denial of his Rule 24.035 post-conviction relief motion after an evidentiary hearing. We dismiss this appeal for lack of subject matter jurisdiction.

Movant pled guilty to one count of unlawful use of a weapon, two counts of robbery in the first degree and two counts of armed criminal action. The plea court sentenced Movant to three years for unlawful use of a weapon, two twenty-year sentences for the robberies, and three years for the counts of armed criminal action, to be served consecutively. Movant timely filed an unsigned *pro se* motion for post-conviction relief pursuant to Rule 24.035. Movant's post-conviction relief counsel filed an amended motion on his behalf. The motion court granted Movant an evidentiary hearing. On April 21, 2004, the motion court denied Movant's motion and issued findings of fact and conclusions of law. Movant appeals claiming the motion court erred in denying him relief because his plea counsel was ineffective for promising Movant a lesser sentence than he received. The State asserts that this Court does not have jurisdiction because Movant failed to sign his *pro se* Rule 24.035 post-conviction motion. We agree.

▆▆▆ Movant failed to sign his *pro se* motion or the amended motion filed by his counsel. The signature requirement is mandatory. *See Tooley v. State,* 20 S.W.3d 519, 520 (Mo. banc 2000) (noting that the signature requirement is not a hollow, meaningless technicality). Here, we have an unsigned motion and a judgment from the motion court ruling on this motion. "For jurisdiction to attach, Movant's signature remains a mandatory element, and his failure to sign the motion rendered it a nullity." *Id.; Blanton v. State,* 159 S.W.3d 870 (Mo.App. W.D.2005) (holding that the court lacked jurisdiction to consider movant's appeal because his post-conviction relief motion was unsigned). Because the motion court did not have jurisdiction when it ruled on Movant's motion, this Court lacks jurisdiction to consider it. Therefore, this appeal is dismissed. *See Blanton,* 159 S.W.3d at 871.

DISMISSED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY J., Concur.