Stanley D. PENN, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 87648.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 2006.

Matthew M. Ward, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The movant, Stanley Penn, appeals the dismissal of his *pro se* Rule 29.15 motion for post-conviction relief by the Circuit Court of Gasconade County. The court dismissed the motion for two distinct reasons: because the court believed the motion was not timely filed and because the movant neglected to sign it. We reverse and remand because the motion was timely filed, and the movant should have the opportunity to correct his omitted signature.

The movant was convicted of selling and distributing methamphetamine, and this Court affirmed his conviction on direct appeal on August 23, 2005. *State v. Penn,* 169 S.W.3d 558 (Mo.App. E.D.2005) (per curiam). Following issuance of this Court's mandate on September 14, 2005, the movant filed his motion for post-conviction relief on December 12, 2005, some 89 days after this Court's mandate. However, the motion court dismissed the post-conviction relief motion as untimely filed and because it lacked the movant's signature. The movant appeals, claiming that his motion was timely filed pursuant to Rule 29.15(b) and that he should be allowed to correct his omitted signature pursuant to Rule 55.03.

■ The motion court clearly erred in dismissing the motion as untimely filed, and the State concedes this error on appeal. Rule 29.15(b) provides that where an appeal is taken, the motion shall be filed within ninety days after the appellate court issues its mandate affirming the judgment. The movant filed a direct appeal, and this Court affirmed the judgment entered upon his conviction on August 23, 2005 and issued our mandate on September 14, 2005. The movant filed his motion for post-conviction relief 89 days later, on December 12, 2005, within the period prescribed by Rule 29.15(b). The record reveals that the motion court mistakenly believed the date of our opinion in the direct appeal was the date that our mandate was issued. Consequently, the motion court calculated the motion as being filed outside the ninety-day period provided in Rule 29.15(b). The court clearly erred in dismissing the movant's motion for post-conviction relief on this basis.

■ The motion court also cited the movant's failure to sign the motion as a ground for the dismissal. Although the movant neglected to sign the motion itself, he did sign the *forma pauperis* affidavit included with the motion. It is well established that an unsigned motion for post-conviction relief is a nullity and does not invoke the jurisdiction of the court. *Tooley v. State,* 20 S.W.3d 519, 520 (Mo. banc 2000). However, Rule 55.03 applies to motions for post-conviction relief. *Id.* Rule 55.03(a) provides that an unsigned filing shall be stricken unless the omission is corrected promptly after being called to the attention of the attorney or party who filed it. A movant should have the opportunity to correct the deficiency. *Wallingford v. State,* 131 S.W.3d 781, 782 (Mo. banc 2004); *Tooley,* 20 S.W.3d at 520.[1]

Here, the record does not indicate that the deficiency was brought to the movant's

---

1. In *Purham v. State,* 199 S.W.3d 908 (Mo. App. E.D.2006), and in *Henderson v. State,* 196 S.W.3d 65 (Mo.App. E.D.2006), we dismissed the appeals because in each case the movant had failed to sign his *pro se* motion for post-conviction relief. In each case, the absence of the movant's signature was not brought to the trial court's attention and the court denied relief on the merits. An examination of the appellate record in each case

attention before the motion court dismissed his motion. The movant should have the opportunity to correct the deficiency. The judgment is reversed and the cause is remanded.[2]

GLENN A. NORTON, P.J., concurs.

KENNETH M. ROMINES, J., concurs in separate opinion.

KENNETH W. ROMINES, Judge, concurring opinion.

I concur in the result reached by Judge Mooney. The Court correctly applies the Missouri Supreme Court cases that control.[1]

It appears to me that Rule 29.15 is complete unto itself and does not allow an application of Rule 55.03. Rule 29.15 sets out scrivener requirements and time standards which are jurisdictional. These requirements and time standards appear fair and easy of comprehension.

Simply put, I would hold that the court below correctly applied Rule 29.15 and dismissed the cause for failure to comply. I am bound by *Tooley* and *Wallingford* and concur.

reveals that appellate counsel knew of the lack of the movant's signature, but took no action during the appeal to remedy the deficiency. *Purham* and *Henderson* are therefore consistent with *Blanton v. State*, 159 S.W.3d 870 (Mo.App. W.D.2005)(appeal dismissed where appellate counsel knew of lack of signature, but did not take prompt action to remedy the deficiency). Neither *Purham* nor *Henderson* should be read to diminish the effect of Rule 55.03(a): the record must disclose that the omission of a signature was called to the attention of the attorney or party to permit its prompt correction before a filing may be stricken.

2. The movant's Motion to Accept Appellant's Declaration is denied as moot.

1. *See, e.g., Tooley v. State*, 20 S.W.3d 519 (Mo. banc 2000); and *Wallingford v. State*, 131 S.W.3d 781 (Mo. banc 2004).