**Mary Catherine MARTIN, Respondent,**

v.

**Gregory John MARTIN, Appellant.**

**No. WD 43488.**

Missouri Court of Appeals,
Western District.

Sept. 17, 1991.

Ray E. Sousley, Vleisides, Donnelly, O'Leary & Sousley, Kansas City, for appellant.

Abe Shafer, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

## PER CURIAM:

This is an appeal from a decree of dissolution nunc pro tunc. Appellant contends that a nunc pro tunc entry was the improper method for changing the visitation schedule in the original decree of dissolution, as there were no clerical errors in the original decree.

The appeal is dismissed.

On January 26, 1990, the trial court held a hearing on respondent's petition for dissolution of marriage. At that time, the parties informed the court of the terms of their settlement agreement, which disposed of the issues of property, custody, support, and visitation. The terms of the agreement were then incorporated into the trial court's decree of dissolution.

During the hearing, respondent was questioned about the parties' agreement on the visitation schedule. Her attorney asked her, "Are you requesting that Mr. Martin's visitation be two weekends a month from 8:00 o'clock, Thursday morning, until 8:00 a.m. the following Monday, two weekends per month?" Respondent answered, "That's correct." Shortly thereafter, her attorney asked, "Have you and Mr. Martin further agreed that he is to have two continuous two-week periods of visitation with the children during the summer when they are out of school?" Again, respondent answered, "That's correct."

In the resulting decree of dissolution, which was filed on the same day, the trial court set out the following visitation schedule:

[Appellant] shall have visitation from 8:00 a.m. Thursday until 8:00 a.m. Monday on the first and third weekends of February 1990 and on the first and third or second and fourth weekends of the month of March 1990 and each month thereafter with [appellant] to designate the first and third or second and fourth combination prior to March 1, 1990. In addition, [appellant] shall have visitation with the minor children for two continuous two-week periods during the children's summer vacation from school.

On May 18, 1990, respondent filed a motion for entry of judgment nunc pro tunc, claiming that such an entry was needed "to correct areas of the judgment to conform with the agreement of the parties and clarify visitation."

At the hearing on respondent's motion, respondent played an audiotape of a conversation between the parties which took place on May 21, 1990. On the tape, the two parties apparently agreed that the bimonthly weekend visits would be suspended during the summer, when they would be replaced by the two continuous two-week periods of visitation. Following the hearing, the trial court issued a decree of dissolution nunc pro tunc, in which it included the following altered schedule of visitation:

[Appellant] shall have visitation from 8:00 a.m. Thursday until 8:00 a.m. on Monday on the first and third weekends of February 1990 and on the first and third or second and fourth weekends of

the month of March 1990 and each month thereafter with [appellant] to designate the first and third or second and fourth combination prior to March 1, 1990. *There shall be no designated weekend visitation during the summer school vacation period.* [Appellant] shall have visitation with the minor children for two continuous two-week periods during the children's summer vacation from school.

(Emphasis added.)

On June 11, 1990, appellant filed a notice of appeal, challenging the propriety of the trial court's decree of dissolution nunc pro tunc. One year later, on June 5, 1991, the trial court entered a new order which modified its decree of dissolution, and which set out a new visitation schedule for the parties. Respondent has filed a motion to dismiss the appeal, claiming that it has been rendered moot by the new, modified decree of dissolution. Appellant disagrees, arguing that the specific relief which he seeks on appeal has not been rendered moot by the new decree of dissolution. On appeal, appellant asks that we grant him nineteen additional days of visitation to replace the days which he claims were lost in the summer of 1990 as a result of the entry of the decree of dissolution nunc pro tunc, and he asks for an award of attorney's fees and costs incurred in filing his appeal.

However, appellant has given us no legal authority or argument to justify his request for such unusual relief. By requesting additional days of visitation to compensate for days already lost, appellant is asking us to turn back the clock, which we cannot do. As for appellant's request for attorney's fees, we point out that an allowance of attorney's fees on appeal in a dissolution of marriage proceeding is a matter for the trial court to rule; the Court of Appeals is without jurisdiction to initially award such fees. *Myers v. Myers*, 586 S.W.2d 797, 799 (Mo.App.1979).

Consequently, we find that the appeal has been rendered moot by the trial court's modified decree of dissolution on June 5, 1991. An appellate court will not retain jurisdiction where the case has become moot. *Warren v. Warren*, 601 S.W.2d 683, 687 (Mo.App.1980).

Accordingly, the appeal is dismissed.