**Doris Gordon LIBERMAN, Respondent,**

v.

**Maurice LIBERMAN, Appellant.**

No. 61463.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 3, 1992.

Application to Transfer Denied
Jan. 26, 1993.

---

Theodore S. Schechter, Michael L. Schechter, Clayton, for appellant.

Douglas Ryder Beach, Clayton, for respondent.

CRIST, Judge.

Husband appeals the denial of his motion for attorney's fees and costs in a dissolution proceeding. We affirm.

Wife filed a petition for dissolution. Wife then filed her temporary motion for maintenance, attorney's fees, suit money, and costs pendente lite. The trial court granted Wife's motion. On July 8, 1991, after Husband had paid over $200,000 to comply with the order, Wife voluntarily dismissed her action without prejudice prior to the introduction of any evidence at trial. On August 29, 1991, Husband filed a motion for attorney's fees and costs. Husband requested to recover not only his attorney's fees, but also amounts he paid under the pendente lite order. The trial court denied Husband's motion finding that it was without jurisdiction to hear the motion because the underlying cause had been voluntarily dismissed by Wife. We affirm.

We will first consider Husband's right to recover his attorney's fees. The issue is whether the court would have jurisdiction to entertain a motion for attorney's fees after a voluntary dismissal prior to introduction of evidence at trial. Rule 67.01 provides that "[a] civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial." Rule 67.01. While no court order is required for the dismissal to be effective, the court may enter an order with any appropriate orders regarding assessment of costs. *Garrison v. Jones*, 557 S.W.2d 247, 249[1] (Mo. banc 1977). However, the term "costs" does not include attorney's fees. *Wilkinson v. Wilkinson*, 546 S.W.2d 737, 738[2, 3] (Mo.App. 1977). Once a plaintiff voluntarily dismisses a claim prior to introduction of evidence, it is as if the suit were never brought. *J.S. Samland v. J. White Construction Co.*, 675 S.W.2d 92, 96[3, 4] (Mo.App.1984). No steps can be taken by the trial court, and any step attempted in the dismissed suit is a nullity. *Garrison*, 557 S.W.2d at 249–50[2]. Furthermore, no appeal can be taken from a voluntary dismissal. *Killian Construction Co. v. Tri–City Construction Co.*, 632 S.W.2d 49, 50[2] (Mo.App. 1982). In addition, the trial court has no power to reinstate the case, even the next day upon a plaintiff's motion. *Emigh Engineering Co. v. Rickhoff*, 605 S.W.2d 173, 174[1] (Mo.App.1980).

Husband contends that the language "from time to time" in § 452.355 authorizes the trial court to consider a motion for attorney's fees after a voluntary dismissal. Section 452.355, RSMo Supp. 1991, provides in part:

The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred ... after entry of judgment.

Husband points to cases which have held that "from time to time" grants the trial court jurisdiction to enter an award for attorney's fees and costs for appeal after a

party files an appeal. *Martin v. Martin*, 815 S.W.2d 130, 132[3] (Mo.App.1991); *Brucker v. Brucker*, 607 S.W.2d 444, 445[1] (Mo.App.1980). Husband asserts that if § 452.355 authorizes a trial court to grant attorney's fees for an appeal greater than 40 days from entry of judgment, then it must authorize the trial court to grant attorney's fees less than 40 days from a voluntary dismissal. However, Husband's reliance is incorrect.

This court has stated that a motion for attorney's fees under § 452.355 is not an independent action like a motion to modify. *Potter v. Desloge*, 625 S.W.2d 927, 930[4] (Mo.App.1981). Rather, the language "from time to time" has been interpreted consistently with the language "pending the suit" under the old law, § 452.070, RSMo 1969. *Id.* In *Brucker*, this court allowed the respondent to recover attorney's fees for her appeal. *Brucker*, 607 S.W.2d at 445[1]. However, the court specifically pointed out that the divorce case was still pending upon disposition of the appeal. *Id.* at 444. In the case at hand, the suit is no longer pending. When a plaintiff voluntarily dismisses an action without prejudice before introduction of evidence at trial, the trial court loses jurisdiction as of the date of dismissal. *Division of Family Services v. Coholan*, 706 S.W.2d 569, 570[1] (Mo.App.1986); *J.S. Samland*, 675 S.W.2d at 97[5]. In this case, that date was July 8, 1991. Husband filed his motion on August 29, 1991. Therefore, the trial court was without jurisdiction to entertain Husband's motion.

■ Moreover, even if his motion for attorney's fees and costs were timely filed, Husband could not recover for any payments made under the pendente lite order. The only way to contest payments made under a pendente lite order is to appeal that order. *Carlson v. Aubuchon*, 669 S.W.2d 294, 296[1] (Mo.App.1984). Failure to appeal a pendente lite order makes it final 30 days after its entry for all purposes. *Id.* at 297[4]. Therefore, Husband could not later file a motion to recover amounts paid under a pendente lite order in lieu of an appeal.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.