**STATE of Missouri, ex rel. CONSUMER PROGRAMS INCORPORATED, Relator,**

v.

**Honorable James R. DOWD, Judge of the Circuit Court of the City of St. Louis, Respondent.**

No. 71766.

Missouri Court of Appeals, Eastern District, Writ Division Two.

March 11, 1997.

---

Eugene K. Buckley, John S. McCollough, Evans & Dixon, St. Louis, for relator.

Burton A. Librach, Librach & Rothman, Clayton, for respondent.

GERALD M. SMITH, Presiding Judge.

Mary James was injured when returning to her place of employment when a pane of glass in her employer's building fell and struck her. In *James v. CPI Corporation*, 897 S.W.2d 92 (Mo.App.1995) we determined that her injury was covered by workers' compensation and that she could not bring suit against her employer. Both parties in that case believed or assumed that her employer was CPI Corporation. Thereafter James and her husband brought an action against Consumer Programs Incorporated the owner of the building and a wholly owned subsidiary of CPI Corporation. Consumer Programs Incorporated sought to dismiss that action on the basis that it was in fact the employer of Mary James. Respondent denied the motion to dismiss and relator sought our writ of prohibition or, alternatively, mandamus. We issued our preliminary writ. We now dissolve that writ as moot.

Following issuance of our preliminary writ the James filed a voluntary dismissal of their petition without prejudice. Rule 67.02(a) provides that a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial. Once a plaintiff dismisses a case pursuant to the rule "it is as if the suit were never brought". *Givens v. Warren*, 905 S.W.2d 130 (Mo.App.1995)[1]. The circuit court may take no further steps as to the dismissed action and any step attempted is a nullity. *Id.* The trial court loses jurisdiction at the date of dismissal and no appeal can be taken from the dismissal. *Liberman v. Liberman*, 844 S.W.2d 79 (Mo. App.1992)[1–4].

We entertain some question whether the dismissal is effective at the time it is filed where a preliminary writ has issued. A petition for a writ is a separate proceeding invoking the original jurisdiction of the appellate court. *Atteberry v. Hannibal Regional Hospital*, 875 S.W.2d 171 (Mo.App. 1994)[3]. A temporary writ cannot be joined with any other cause of action and may, as was true here, command the respondent judge to "meanwhile refrain from all action in the premises until further order". § 530.040 RSMo 1994. The issuance of the temporary writ freezes the action below. The trial court has no jurisdiction to take further action in the underlying case and any action taken in violation of the writ is void. The trial court may not reassume jurisdiction until the writ court has relinquished jurisdiction either by quashing the writ or by making it permanent and returning the case to the trial court. *State ex rel. Powers v. Rassieur*, 190 S.W. 915 (Mo.1916)[l.c. 916].

Any relief we would grant in this writ proceeding would be a direction to the trial court to either do something or to refrain from doing something. It would require the judge to reassume jurisdiction of the case for some purpose. As soon as that jurisdiction is reassumed, however, the voluntary dismissal would automatically take effect and the case would no longer be in existence. Any decision upon the writ's merits under these circumstances would create an advisory opinion which we are not authorized to do. *State ex rel. Garden View Care Center v. Missouri Health Facilities Review Committee*, 926 S.W.2d 90 (Mo.App.1996)[6]. Consequently, the voluntary dismissal, whatever its effective date, renders this proceeding moot.

The preliminary writ is dissolved as moot.

RHODES RUSSELL and CRANE, JJ., concur.