The CURATORS OF THE UNIVERSITY OF MISSOURI, et al.
Plaintiffs/Respondents,

v.

ST. CHARLES COUNTY, et al.
Defendants/Appellants.

No. 74236.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 24, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 18, 1999.

Application for Transfer Denied
March 23, 1999.

Stephanie Gastman, St. Charles, for appellants.

Mary M. Bonacorsi, Conny Davinroy Beatty, William J. Falk, Thompson Coburn, Dempster K. Holland, Law Office of Dempster K. Holland, St. Louis, Daniel L. Goldberg, St. Charles, Spencer Garland, St. Louis, Michael J. Doster, Hughes & Doster, Chesterfield, Douglas Willard King, Bryan Cave, St. Louis, for respondents.

PAUL J. SIMON, Presiding Judge.

St. Charles County (County), its assessor, Eugene Zimmerman (Assessor) and its collector, Barbara Walker (collectively defendants) appeal from a judgment entered in the Circuit Court of St. Charles County on February 27, 1995, dismissing Count I of their counterclaim for declaratory relief for lack of standing in an action by the Curators of the University of Missouri (University) and Zoltek Corporation (Zoltek) against defendants for declaratory relief.

On appeal, defendants contend that the trial court erred in dismissing Count I of the counterclaim in that: (1) defendants have standing to bring such action; and (2) the counterclaim presented a justiciable controversy. Appeal dismissed.

In the jurisdictional statement of their brief, plaintiffs allege that defendants' notice of appeal was filed untimely. Relying on *State ex rel. Consumer Programs Inc. v. Dowd*, 941 S.W.2d 716 (Mo.App.1997), they contend that defendants voluntarily dismissed without prejudice Count II of their counterclaim on October 15, 1997, and that pursuant to Rule 67.02(a), the trial court lost jurisdiction as of that date. As a result, defendants' notice of appeal filed on April 14, 1998, failed to meet the time requirement of Rule 81.04(a) which states:

(a) **Filing the Notice of Appeal.** When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

If no new motion for a new trial is filed, judgment becomes final thirty days after the entry of judgment. Rule 81.05(a). With these rules in mind, we turn to the points raised by defendants on appeal.

The record reveals that in June, 1984, University received a grant from the State of Missouri to conduct a feasibility study for the development of a research park on 740 acres of land owned by University at Weldon Spring Park, in the County. University proceeded with the feasibility study, and in December, 1985, approved the proposed development of the research park to be known as the Missouri Research Park (Park).

In 1986, the legislature enacted section 172.273 RSMo 1986 (all further references shall be to RSMo 1986 unless otherwise indicated) which provided in pertinent part:

1. The curators of the University of Missouri may establish research, development and office park projects, in order to promote cooperative relationships and to provide for shared resources between private individuals, companies and corporations, and the University of Missouri, for the advancement of the university in carrying out its educational mission and such projects are declared to be in furtherance of the purposes of the university.

.2. The curators may, in connection with such projects, enter into written, mutually binding leases or agreements with individuals, businesses, corporations, and professional firms participating in the project for the purpose of expanding business and professional opportunities for students, faculty and graduates of the university and of the area it serves, and for making available to the university the resources and expertise of the business and professional entities participating in the project.

3. ....The utilization of real property as provided in subsection 1 is hereby deemed to be a public purpose and in furtherance of the purposes of the university. Provided said land is owned by the university, no leasehold or other interest therein, by whomsoever held, shall be separately assessed or taxed, and such real property as a whole shall be deemed the property of the curators of the University of Missouri and be exempt from all forms of property tax.

\* \* \*

Upon completing the development of the Park, University began to negotiate with potential tenants and eventually entered into written leases with the following: Zoltek Corporation (Zoltek); Messer Griesheim Industries, Inc. (MGI); Novus International, Inc. (Novus); Missouri Research Partners, L.P. (MRP); Linco Research, Inc. (Linco), Central Rolled Thread Die Co. (Central); Pohlman, Inc. (Pohlman); Missouri Golf, Inc., Whittaker Golf, Inc, and Missouri Bluffs Joint Venture (collectively referred to as Missouri Golf); and Natoli Engineering Co., Inc. (Natoli) (collectively tenants).

Upon completion of its manufacturing plant in the Park, Zoltek and MRP were assessed real estate taxes by the Assessor. In addition, Missouri Golf received a tax assessment for its 1994 leasehold interest in the Park. Zoltek and MRP appealed their assessments to the Board of Equalization of the County of St. Charles (Board). Both appeals were consolidated and the Board scheduled a hearing on the appeals to be held on July 24, 1994.

On July 7, 1994, University and Zoltek (plaintiffs) filed a five-count petition for declaratory judgment (petition) against defendants, seeking a declaration that (1) University acted pursuant to its constitutional legislative authority in developing the Park and entering into lease agreements with Zoltek and other tenants, all in furtherance of section 172.273; (2) the buildings and improvements constructed by Zoltek and other tenants on property located within the Park are leased by and deemed property of University; (3) such property is exempt from all forms of property tax; (4) defendants are without power to tax property located within the Park; and (5) the assessments issued by the Assessor against property located within the Park are null and void.

On July 20, 1994, the Assessor sought and obtained a preliminary writ of prohibition (writ) from the trial court prohibiting the Board from hearing and determining the appeals of assessments of property located within the Park which had been leased to Zoltek and MRP.

Responding to plaintiffs' petition on August 18, 1994, defendants filed their amended answer to the petition (answer) together with their counterclaim (counterclaim). In their answer, they admitted that they had assessed taxes on certain property interests in the Park. They denied, however, having taxed any property owned by University or meeting the requirements of section 172.273. In Count I of their counterclaim, defendants incorporated by reference their answer to plaintiffs' petition and listed the rest of the tenants as necessary parties to the action. Defendants alleged that interests in the land or improvements owned by private individuals and corporations, not meeting the requirements of section 172.273.1, were subject to tax assessments. Accordingly, defendants sought a declaration that section 172.273.3 was unconstitutional under article X, section 6, of the Missouri Constitution, which states that "all laws exempting from taxation property other than the property enumerated in this article shall be void," and under the uniformity of taxation principle of article X, section 3. In Count II, defendants sought a declaration that University failed to consult with the County prior to making substantial changes to the Park "such as the golf course and manufacturing facilities." As a result, defendants argued, all other property in the Park was subject to County zoning and regulatory ordinances.

In a separate action on August 26, 1994, MRP filed a petition for review of tax action (petition for review) by the Board, based on its ruling of July 27, 1994, alleging that the Board effectively decided to uphold the Assessor's determination by indefinitely tabling the appeals. MRP requested that the trial court reverse the decision of the Board because the value of the taxed property was not subject to real property taxation and the decision of the Board was "unconstitutional, unlawful, erroneous, arbitrary, and capricious," pursuant to section 137.100, which exempts property belonging to the State from taxation, and section 172.273.3. Further, on September 23, 1994, University and MRP filed their joint motion to consolidate their separate actions against defendants,

which was granted by the trial court on October 21, 1994.

MGI and Central were never served with defendants' counterclaim and did not become parties to the action. Moreover, as of the date of the filing of the counterclaim, Novus, Pohlman, Linco, and Natoli had not received assessments; therefore, they filed motions to dismiss the counterclaim, alleging lack of a present controversy, and their motions were sustained by the trial court for lack of a justiciable dispute between the parties.

Seeking relief from its assessments, Missouri Golf appealed to the Board, which ruled that Missouri Golf's leasehold interests were not subject to taxation, pursuant to section 172.273. Consequently, on December 14, 1994, Missouri Golf filed a motion to dismiss defendants' counterclaim based on the exemption granted by the Board. On January 6, 1995, the trial court denied Missouri Golf's motion to dismiss, stating that "Chapter 536 review is not available to the Assessor."

On February 16, 1995, plaintiffs and MRP filed a motion to dismiss defendants' counterclaim (motion to dismiss), accompanied by exhibits A, B, C, and D. Exhibit A was the trial court's order granting the motions to dismiss of Novus, Linco, Pohlman, and Natoli; Exhibit B was the ruling of the Board stating that Missouri Golf was exempt from taxation; Exhibit C was the trial court's ruling of January 20, 1995, on motions by plaintiffs and MRP to "reconsider and to alter and to amend," the ruling of July 20, 1994, granting the Assessor's writ. In its ruling, the trial court lifted the writ against the Board and allowed it to hear the appeals from Zoltek and MRP "on all issues." Subsequently, on January 24, 1995, the Board met and heard the appeals of Zoltek and MRP, ruling that their property was exempt from taxation.

In their motion to dismiss, plaintiffs and MRP stated that, upon being advised that the Board had "tabled" their appeals, MRP filed its petition for review with the trial court. The motion to dismiss contended that, subsequent to the Board's ruling of December 14, 1994, regarding Missouri Golf, plaintiffs learned of the Assessor's writ and, though not included in the record on appeal,

filed motions to intervene in the prohibition action, whereupon the trial court allowed the Board to hear the appeals of Zoltek and MRP. In their motion to dismiss, Plaintiffs and MRP claimed that there was no justiciable controversy for the trial court to decide and that defendants did not have standing to bring the action.

On February 27, 1995, the trial court dismissed Count I of defendants' counterclaim and held Count II in abeyance pending further briefing and oral argument on the merits of the zoning issues raised therein. Further, the trial court granted defendants' motion to dismiss plaintiffs' petition and granted Missouri Golf's motion to dismiss Counts I and II of defendants' counterclaim. We note that defendants' motion to dismiss plaintiffs' petition is not in the record on appeal.

The merits of Count II of defendants' counterclaim were briefed and argued on January 8, 1996, whereupon the trial court took the matter under advisement. On October 15, 1997, defendants filed a motion to dismiss without prejudice Count II of defendants' counterclaim. Subsequently, on March 27, 1998, the trial court granted defendants' request that Count II of the counterclaim be dismissed without prejudice. Defendants filed their notice of appeal on April 14, 1998. In their notice of appeal, defendants identified the "Date of Judgment" appealed from as March 27, 1998.

In their reply brief, defendants argue that because the trial court ordered that Count II be briefed and argued, the matters before the court were outside the pleadings with respect to the motion to dismiss. Therefore, they argue, the motion should be treated as a motion for summary judgment. Defendants argue that because a hearing on a motion for summary judgment is a "trial before the court without a jury," evidence going to the merits of Count II had been presented to the trial court "prior to the first attempt to dismiss Count II." Hence, defendants claim that pursuant to Rule 67.02, they could not voluntarily dismiss Count II without leave of court. Rule 67.02 states in pertinent part:

(a) ....a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at trial.

█ Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, "it is as if the suit were never brought." *Liberman v. Liberman,* 844 S.W.2d 79, 80 (Mo.App.1992). The trial court may take no further steps as to the dismissed action, and any step attempted is viewed as a nullity. *Id.* Furthermore, no appeal can be taken from a voluntary dismissal. *Id.* The trial court loses jurisdiction as of the date of dismissal. *Id.* at 81.

█ Here, the trial court held that Count II of defendants' counterclaim was to be "held in abeyance pending briefs on the merits of zoning issues raised in Count II." We note that the briefs and exhibits, if any, are not part of the record; therefore, we do not include those documents in our review. *Meyer v. Superior Insulating Tape,* 882 S.W.2d 735, 739 (Mo.App. E.D.1994). Moreover, the parties agree that Count II involves legal issues relating to statutory construction and we find nothing in the record to indicate that any evidence was presented during a trial or that a trial took place. Further, a dismissal without prejudice as to Count II is not appealable. *Liberman,* 844 S.W.2d at 81. Therefore, the judgment was final and, as a result, the notice of appeal was not timely and we have no jurisdiction to address the merits of the appeal.

Appeal dismissed.

KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.