Christopher L. WILLIAMS, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. ED 85489.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 13, 2005.

Maleaner Harvey, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald S. Ribaudo, Assistant Attorney General, Jefferson City, MO, for respondent.

SHERRI B. SULLIVAN, J.

### Introduction

Christopher L. Williams (Movant) appeals from the motion court's denial of his motion to set aside his motion for voluntary dismissal and dismissal of his *pro se* motion for post-conviction relief. We dismiss the appeal for lack of jurisdiction.

### Factual and Procedural Background

A jury found Movant guilty of robbery in the first degree, in violation of Section 569.020,[1] armed criminal action, in violation of Section 571.015, and burglary in the first degree, in violation of Section 569.160. The trial court entered a judgment in accordance with the jury verdict and sentenced Movant as a prior offender to concurrent terms of life imprisonment, thirty-five years' imprisonment, and fifteen years' imprisonment, respectively.

Movant appealed his convictions and sentences, which this Court affirmed in a *per curiam* order. *State v. Williams*, 131 S.W.3d 853 (Mo.App. E.D.2004).

On July 7, 2004, Movant filed a *pro se* motion for post-conviction relief under Rule 29.15.[2] On July 20, the motion court appointed counsel to represent Movant. On August 17, counsel entered her appearance and requested additional time in which to file an amended motion for post-conviction relief, which the motion court granted, giving Movant until October 18 to file an amended motion.

On October 18, Movant, by and through counsel, filed a notice of voluntary dismissal of his *pro se* motion for post-conviction relief. On October 25, Movant, by and through counsel, filed a motion to set aside the notice of voluntary dismissal and to issue findings of fact and conclusions of

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Mo. R.Crim. P. 2005, unless otherwise indicated.

law on Movant's *pro se* motion for post-conviction relief. The motion to set aside, filed at Movant's request, stated that counsel had investigated all allegations, including those raised in Movant's *pro se* motion, and concluded that there were no cognizable post-conviction claims under Rule 29.15 to raise before the motion court, and therefore, on October 14, counsel discussed her findings with Movant, who agreed the appropriate disposition was to move for dismissal. Along with the motion to set aside, counsel filed a Statement in Lieu of Filing an Amended Motion requesting the motion court to review all claims asserted in Movant's *pro se* motion for post-conviction relief and to issue findings of fact and conclusions of law.

On October 26, the motion court "granted" Movant's notice of voluntary dismissal and dismissed his *pro se* motion for post-conviction relief without prejudice and "denied" Movant's motion to set aside without issuing findings of fact or conclusions of law and without an evidentiary hearing.

## Discussion

Movant argues that the motion court clearly erred in denying his motion to set aside the notice of voluntary dismissal and in dismissing his *pro se* motion for post-conviction relief without issuing findings of fact and conclusions of law.

■■■■ Preliminarily, we address two jurisdictional issues raised by the State. First, the State argues that we do not have

jurisdiction to hear Movant's appeal because Movant's *pro se* motion for post-conviction relief was untimely filed. We disagree. Rule 29.15(b) provides in relevant part:

> If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence.

We issued the mandate affirming the judgment and sentence entered against Movant on May 17, 2004. Movant filed his *pro se* motion for post-conviction relief on July 7, 2004, within 90 days of our mandate. Thus, the *pro se* motion was timely filed. The State incorrectly cites April 6, 2004 as the date of mandate. However, this date was the date that we issued the opinion, not the date of mandate.[3]

■■■■ Second, the State argues that we do not have jurisdiction to hear Movant's appeal because we do not have a final judgment before us. We agree with this argument. Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, it is as if the suit were never brought. *Curators of Univ. of Missouri v. St. Charles County*, 985 S.W.2d 810, 814 (Mo.App. E.D.1998).[4] No appeal can be taken from a voluntary dismissal. *Id.* Thus, we do not have jurisdiction to hear this portion of Movant's appeal. Additionally, the trial court may take no further steps as to a voluntarily dismissed action,

---

**3.** Generally, an opinion cannot be mandated until the time for filing all post-disposition motions has passed or, if a post-disposition motion(s) has been filed, until all post-disposition motions have been ruled on.

**4.** We note, however, that Movant cannot file another motion for post-conviction relief. Civil Procedure Rule 67.01 states that a dismissal without prejudice permits a party to bring another civil action for the same cause,

unless the civil action is "otherwise barred." Even though the docket sheet indicates that his *pro se* motion for post-conviction relief was dismissed "without prejudice," a motion for post-conviction relief filed by Movant now would be untimely under Rule 29.15(b) and thus would be "otherwise barred." A post-conviction relief motion is a civil action. *Roberson v. State*, 140 S.W.3d 634, 636 (Mo.App. W.D.2004); Rule 29.15(a).

and any step attempted is viewed as a nullity. *Id.* The trial court loses jurisdiction as of the date of dismissal. *Id.* The trial court has no power to reinstate the case, even the next day upon a plaintiff's motion. *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo.App. E.D.1992). Therefore, the motion court's "denial" of Movant's motion to set aside is a nullity because the court did not have jurisdiction to rule on the motion. Our jurisdiction is contingent upon the trial court's having jurisdiction in the first instance. *Kieffer v. Niemeyer*, 113 S.W.3d 300, 301 (Mo.App. E.D.2003). Consequently, we do not have jurisdiction to hear this portion of Movant's appeal either. Thus, because no final judgment exists from which Movant can appeal, we dismiss his appeal for lack of jurisdiction.

### Conclusion

The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.