STATE of Missouri ex rel. Lawrence C. ROSEN, Relator,

v.

The Honorable Dennis N. SMITH, Associate Circuit Judge, Division 40 of the Circuit Court of St. Louis County, Missouri, Respondent.

No. ED 90423.

Missouri Court of Appeals, Eastern District, Writ Division Seven.

Dec. 18, 2007.

Michael L. Schechter, The Schechter Law Firm, P.C., Clayton, MO, for relator.

Kimberly J. Bettisworth, Rebecca H. Bealmear, Bettisworth & Associates LLC, Clayton, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Relator, Lawrence C. Rosen, filed a petition for writ of mandamus to order respondent, the Honorable Dennis N. Smith, Associate Circuit Judge of the Twenty–First Judicial Circuit, to dismiss a motion for attorney's fees in Cause No. 02FC–001143. We vacate our preliminary order in mandamus and enter a peremptory writ of prohibition.

Relator's marriage to Judy A. Rosen was dissolved in 2002. On February 16, 2007, relator filed a motion to modify the parties' dissolution decree, in Cause No. 02FC–001143, in the Circuit Court of St. Louis County. On April 9, 2007, Ms. Rosen filed a motion for attorney's fees incurred in the modification proceedings. On September 25, 2007, relator filed a memorandum dismissing his motion to modify without prejudice. After the dismissal, Ms. Rosen filed an amended motion for attorney's fees. Relator then filed a motion to dismiss Ms. Rosen's amended motion for attorney's fees on the ground that respondent had no jurisdiction to rule on Ms. Rosen's amended motion for attorney's fees because relator had previously dismissed the motion to modify. After a hearing on the motion to dismiss, respondent denied the motion to dismiss, and set the original and amended motions for attorney's fees for hearing.

Relator then filed a petition for writ of mandamus with this court. We issued a preliminary order in mandamus and ordered respondent to file his answer and suggestions in opposition to the petition for a writ, and to refrain from all action in the premises until further notice. Respondent has filed an answer and suggestions in opposition.

In non-jury cases, a plaintiff may voluntarily dismiss his or her suit without a court order at any time prior to the introduction of evidence at trial. Rule 67.02(a)(2).

Once a plaintiff does so, "it is as if the suit were never brought." *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo.App.

E.D.1992). The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity. *Id.* The court loses jurisdiction as of the date of dismissal. *Id.* at 81. This is so despite the fact the opposing party had motions pending at the time the dismissal was filed. *See Atteberry v. Hannibal Regional Hosp.*, 875 S.W.2d 171, 173 (Mo.App. E.D.1994). *Givens v. Warren,* 905 S.W.2d 130,.132 (Mo.App.1995). Accordingly, relator's voluntary dismissal deprived the circuit court of any further jurisdiction over Ms. Rosen's motion to modify including her pending motion for an award of attorney's fees. *Id.* The circuit court likewise had no jurisdiction to accept or consider a motion for attorney's fees filed after dismissal. *Liberman,* 844 S.W.2d at 80–81.

■ We are aware that section 514.170 RSMo (2000) provides that a dismissal of an action does not affect a defendant's ability to recover the payment of costs. However, "[a]ttorney fees do *not* fall within the term 'costs,' and cannot be awarded subsequent to dismissal of the action." *Givens,* 905 S.W.2d at 133 (citing *Liberman,* 844 S.W.2d at 80).

■ A writ of prohibition is designed to restrain judicial officers from doing acts beyond their jurisdiction. *Gould v. Bd. of Reg. for the Healing Arts,* 841 S.W.2d 288, 291 (Mo.App.1992). On the other hand, mandamus is "an extraordinary remedy effective to compel performance of a particular act by one who has an unequivocal duty to perform the act." *Id.* at 290. Because relator is seeking to restrain a judge from acting beyond his jurisdiction, prohibition is a more appropriate remedy than mandamus.

■ On an application for a writ, we may grant the appropriate remedy irrespective of the relator's prayer. *State ex rel. Leigh v. Dierker,* 974 S.W.2d 505, 506 (Mo. banc 1998). *See also State ex rel.*

*Stewart v. Civil Service Com'n,* 120 S.W.3d 279, 285 (Mo.App.2003). Accordingly, we may treat a petition for a writ of mandamus as one for a writ of prohibition. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 575 (Mo. banc 1994); *Stewart,* 120 S.W.3d at 285; *State ex rel. Todd v. Romines,* 806 S.W.2d 690, 691 (Mo.App.1991).

Preliminary order of mandamus is vacated and peremptory writ of prohibition is issued. Respondent is ordered to take no further action with respect to the motions for attorney's fees in Cause No. 02FC–001143, except to grant relator's motion to dismiss the amended motion for attorney's fees and vacate its order setting the original and amended motions for attorney's fees for hearing.

PATRICIA L. COHEN, C.J., and GEORGE W. DRAPER, III, J., concur.