

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **AIRIKA DAWN HIBBS AND JAMES HIBBS,** )<br><br>)<br>)<br>**Appellants,** )<br>)<br>**v.** )<br>)<br>**BRAD A. KEITH,** )<br>)<br>**Respondent.** ) | **WD82215 Consolidated with WD82269**<br><br>**OPINION FILED:**<br>**September 3, 2019** |

**Appeal from the Circuit Court of Henry County, Missouri**
The Honorable James K. Journey, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Edward R. Ardini, Jr., Judge and Thomas N. Chapman, Judge

Appellants Arika and James Hibbs (collectively "Hibbses") appeal the judgment of the circuit court of Henry County imposing upon the Hibbses a $500 sanction or fee to be paid to the law firm of Harris and Hart, LLC, legal counsel for respondent Brad Keith ("Keith").  The Hibbses raise three allegations of error.  This Court finds that because the circuit court lacked jurisdiction over the parties at the time of its order and judgment it must be reversed and vacated.

## Procedural and Factual Background

The present appeal stems from a lawsuit over a motor vehicle accident which occurred on April 4, 2014. The Hibbses brought suit against Keith alleging that his negligent operation of his motor vehicle caused the accident and injuries to Arika Hibbs. The Hibbses were represented by attorneys with the law firm of Andrew J. Gelbach, P.C., including Andrew Gelbach ("Gelbach"). Keith was represented by attorneys with the law firm of Harris and Hart, LLC. After years of litigation, the parties entered into a settlement agreement on March 8, 2018, the terms of which Keith fully complied with on or before April 17, 2018. The settlement agreement by its express terms required the cause of action against Keith to be dismissed with prejudice. Despite repeated requests from Keith, the Hibbses failed to dismiss their petition with prejudice as was required by the settlement agreement. Keith filed a Motion to Enforce Settlement Agreement on August 18, 2018. The court set the motion for hearing on October 9, 2018 ("Hearing"). Approximately 30 minutes before the Hearing, and nearly six months after Keith had fully complied with the settlement, the Hibbses voluntarily dismissed their case with prejudice by electronic filing.[1]

The Hearing was a special setting in the circuit court. Despite the dismissal being filed, the circuit court called the case for Hearing. Counsel for Keith appeared at the hearing. Fred Branson, appeared as counsel for the Hibbses. The trial court granted the

---

[1] While not reflected in the record before this court, Counsel for the Hibbses argued in oral argument that an e-mail was sent to counsel for Keith the evening before the scheduled hearing. The hearing was held on a Tuesday morning, so the e-mail would have been sent on Monday night. That Monday was a holiday and the courts were closed.

motion to dismiss and following that, Keith's counsel made an oral motion for sanctions.[2]

Following the Hearing, the court made a handwritten docket entry stating that "Ms. Hart requests attorney's fees. Oral Motion--Sustained. $500 fees is ordered paid by Plaintiff to Harris & Hart" that docket entry was eventually amended to be denominated a final judgment ("Final Judgment").

## Discussion

The Hibbses raise three points on appeal alleging that the circuit court erred when it entered sanctions. The first point is dispositive. The Hibbses first point on appeal alleges that the circuit court erred in ordering sanctions because it lacked jurisdiction to do so because the underlying action had been dismissed prior to the oral motion for sanctions being raised. We agree.

Keith does not challenge that the Hibbses had a right to voluntarily dismiss their case under Rule 67.02(a).[3] "[O]nce a case has been dismissed under Rule 67.02, 'it is as if the suit were never brought.'"[4] *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009) (quoting *Givens v. Warren*, 905 S.W.2d 130, 132 (Mo. App. E.D. 1995)). Once dismissed, "[t]he circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity." *State ex rel. Frets*, 291 S.W.3d at 812 (quoting

---

[2] Rule 67.02(a) provides that the plaintiff may dismiss an action "without order of the court," therefore the effect of the trial court's order purporting to grant the motion to dismiss, only served to recognize that the action had been dismissed by the plaintiff. The original docket entry by the circuit court described the oral motion made following the dismissal as a request for "attorney's fees." It is only in a later order that the circuit court refers to the motion as an "oral Motion for Sanctions" and grants the requested sanctions. The Hearing was not transcribed. The final judgment before this Court grants "attorney's fees" while the parties in their briefing refer to the granting of "sanctions." For clarity, we use the term "sanction" as used by the parties.

[3] All rule references are to Missouri Supreme Court Rules (2018).

[4] We note there were no pending counterclaims, cross claims or other remaining actions between the parties at the time of the dismissal.

*State ex rel. Rosen v. Smith*, 241 S.W.3d 431, 433 (Mo. App. E.D. 2007)). As explained by the court in *State ex rel. Frets*, "The Fretses' action, having been voluntarily dismissed, was no longer a 'case or matter' as described in Article V, section 14 and as required for the exercise of the jurisdiction granted to the circuit court by that section." *Id.* at 812 n.6.

The refusal of the Hibbses to comply with the terms of the settlement agreement and dismiss their claim until 30 minutes prior to the Hearing was extremely dilatory, unnecessarily obstructionist and wasted the time of opposing counsel and the judicial resources of the circuit court. The actions of the circuit court holding the Hearing, taking up the oral motion, finding counsel for the Hibbses was "without justifiable excuse" for failing to dismiss the cause previously and awarding sanctions reflects an understandable frustration with the discourteous actions of counsel for the Hibbses. However, generally speaking, because after a voluntary dismissal there is no longer a case or matter over which the circuit court can exercise jurisdiction over the parties the sanctions order was a nullity.

Keith contends that, despite the underlying case being dismissed under Rule 67.02(a), the court retained jurisdiction to decide the motion for sanctions under Rule 67.05. Rule 67.05 states, in relevant part:

> No dismissal, voluntary or involuntary, of a plaintiff's civil action shall operate to discontinue any ancillary matter pending before the court. If an ancillary matter is not ruled on within ninety days after the dismissal, it is denied.

By its clear terms, Rule 67.05 only applies to ***pending*** matters. Keith's oral motion for sanctions was not raised until after the action had already been dismissed. Keith cites to no Missouri case law, nor can we independently find any such law, which allows a court

4

to consider an ancillary matter not brought before the court until *after* a voluntary dismissal had been filed. Because Keith's motion for sanctions was not made until after the dismissal, under its clear terms Rule 67.05 did not apply. We need not and do not reach the issue of whether a motion for sanctions would in fact be deemed an ancillary matter pursuant to Rule 67.05 had it been filed prior to the dismissal.

While we are sympathetic to the frustration felt by both the circuit court and Keith's counsel, we find that the circuit court did not have the authority to act where the case was voluntarily dismissed with prejudice prior to any motion for sanctions being brought.

The Hibbses second and third points on appeal raise additional bases for why the circuit court erred in ordering sanctions. Given our holding above, we need not address the Hibbses other points on appeal.

## Conclusion

For the reasons stated above, the Final Judgment ordering sanctions is vacated.

_____
Gary D. Witt, Judge

All concur

5