In the Missouri Court of Appeals
 Eastern District
 WRIT DIVISION ONE

ELAINE LARGENT, ) No. ED109622
 )
 Relator, ) Writ of Prohibition
 )
vs. ) St. Charles County Circuit Court
 ) Cause No. 1911-CC00773
THE HONORABLE DANIEL PELIKAN, )
 )
 Respondent. )
 )
 ) Filed: June 15, 2021

 OPINION

 I. Introduction

 Elaine Largent (“Relator”) seeks a writ of mandamus or prohibition directing the

 Honorable Daniel Pelikan (“Respondent”) to grant her leave to file an amended petition adding a

 count for punitive damages. She contends that the trial court acted in excess of its authority by

 denying her motion for leave under the newly-enacted § 510.261 because that statute is not

 applicable to cases filed before its effective date.1 Suggestions in opposition were filed by the

 defendants, and we entered a preliminary order in prohibition. Respondent filed an answer. In the

 1
 All statutory references are to Mo. Rev. Stat. Cum. Supp. 2020.

 1
interest of justice as permitted by Rule 84.24, this Court dispenses with further briefing and

makes the preliminary order in prohibition permanent.2

 II. Procedural and Factual Background

 Relator filed a wrongful death petition against Bob Evans Restaurants, LLC, and Bob

Evans Farms, LLC, (“Defendants”) claiming that her mother died in November of 2016 as a

result of falling in a restroom at one of Defendants’ restaurants several months earlier. Relator

alleged that Defendants were negligent in failing to repair, remove, barricade, or warn of an

unsafe condition on the restroom floor. This petition was originally filed on August 12, 2019 and

amended once thereafter.

 After conducting discovery, Relator filed a motion for leave to amend the petition to add

a count for punitive damages, along with a memorandum in support. Therein, Relator contended

that under the liberal standards of Rule 55.33(a), she should be granted leave to add a punitive

damages claim. She acknowledged that in August of 2020 stricter standards had been enacted in

§ 510.261, which prescribes the procedure for amending a claim to add punitive damages. But

Relator claimed that her substantive right to punitive damages under the wrongful death statute

could not be “taken from her by subsequent legislation.” Relator argued that § 510.261 was

unconstitutional and “ineffective as to the established pleadings in this case.” Nevertheless, in

the event § 510.261 was deemed applicable to her cause of action, Relator argued she had

satisfied all aspects of that statute. Defendants opposed Relator’s motion for leave, and, after a

hearing, the trial court entered an order denying the motion as follows:

 Pursuant to Mo. Rev. Stat. § 510.261 the Court finds that based upon its review of
 the pleadings, supporting documentation and exhibits, and the evidence to be
 admitted at trial, a trier of fact could not reasonably conclude, based on clear and
 convincing evidence, that the defendants intentionally harmed the plaintiff without
 just cause or acted with a deliberate and flagrant disregard for the safety of others.
2
 All rule references are to the Missouri Supreme Court Rules (2020).

 2
This petition for a writ of mandamus or prohibition follows.

 III. Standard of Review

 On an application for a writ, this Court will grant the appropriate remedy irrespective of

which type of writ is requested. State ex rel. Rosen v. Smith, 241 S.W.3d 431, 433 (Mo. App.

E.D. 2007). A writ of prohibition is appropriate where the trial court lacks authority or acts in

excess of its authority. State ex rel. Cullen v. Harrell, 567 S.W.3d 633, 637 (Mo. banc 2019).

 IV. Discussion

 Relator contends that, according to § 510.262, § 510.261 does not apply to causes of

action filed before August 28, 2020, and therefore the trial court was without authority to apply it

to her case filed in 2019. We agree.

 Section 510.261 requires leave of court to add such a punitive damages claim to a

pleading, which shall be granted if the trial court concludes “that based on the evidence to be

admitted at trial a trier of fact could reasonably conclude, based on clear and convincing

evidence, that the standards for a punitive damage award contained in this section have been

met.” § 510.261.5. Section 510.261 was one of several provisions in an act passed by the

legislature in 2020 relating to punitive damages and unlawful merchandising practices. See 2020

Mo. Legis. Serv. S.B. 591 (West No. 26).3 The act became effective on August 28, 2020, and the

legislature expressly stated that “[t]he provisions of this act shall apply to causes of action filed

on or after August 28, 2020.” § 510.262. Thus, according to the plain language of § 510.262, §

510.261 does not apply to this cause of action filed in 2019.4

3
 The other provisions in this act are §§ 407.020, 407.025, 510.263, 510.265, 538.205, and 538.210.
4
 Because we find the statute inapplicable, we need not address the constitutional issues Relator has raised in this
proceeding. See State ex rel. Riordan v. Dierker, 956 S.W.2d 258, 260 (Mo. banc 1997).

 3
 Defendants have presented no substantive legal argument for reaching a contrary

conclusion under the plain language of § 510.262. Rather, they argue that because Relator relied

on § 510.261 in her motion for leave to amend and did not cite § 510.262 in the trial court, she

has waived any argument that § 510.262 renders § 510.261 inapplicable to this case. We

disagree.

 In her motion for leave to amend and supporting memorandum, Relator only relied on §

510.261 in the alternative to her reliance on Rule 55.33(a) so that, in the event her challenge to

the statute’s applicability failed, she had presented the trial court with a basis for granting her

leave to amend thereunder. She did not, as Defendants suggest, invoke a statute and then,

unhappy with the results, do an about-face and challenge its applicability. Rather, Relator has

maintained from the outset that § 510.261 does not apply to her cause of action on the ground

that it was filed before the statute was enacted. In the trial court, she based that argument on the

legal principle that a statute affecting substantive rights--here, her alleged right to punitive

damages under the wrongful death statute--cannot be applied retrospectively. Relator’s argument

in this Court is essentially the same, albeit on different legal authority: § 510.261 is inapplicable

to her cause of action filed before the statute was enacted because § 510.262 explicitly says so.

 Relator certainly should have cited § 510.262 in the trial court, and it is difficult to

understand how this provision was overlooked. If she had called this provision to the trial court’s

attention, then this writ proceeding likely would have been unnecessary. In any event, because

the issue of applicability based on the effective date of the statute was squarely before the trial

court, Relator’s oversight does not preclude our review of the issue or consideration of that

provision. See Desai v. Seneca Specialty Insurance Company, 581 S.W.3d 596, 599 n.4 (Mo.

banc 2019) (finding issue of statute’s applicability was preserved even though appellant argued

 4
slightly different reasons for its applicability in the trial court and on appeal because the

arguments were essentially the same and trial courts are presumed to know and apply the law);

see also State v. Amick, 462 S.W.3d 413, 415 (Mo. banc 2015) (finding defendant’s claim on

appeal that juror substitution violated a statute was preserved even though the statute was not

cited in trial court because counsel’s objection alerted the trial court to defendant’s position on

this issue and trial judges are presumed to know the law and apply it). Section 510.262

unequivocally demonstrates the legislature’s intent that § 510.261 is not applicable to this 2019

case, and thus the trial court did not have authority to apply it when ruling on Relator’s motion

for leave to amend. To say otherwise, solely because Relator failed to cite this dispositive

provision in the trial court, would put this Court in the untenable position of having to act beyond

our authority, ignore the clear intent of the legislature, and condone an unauthorized act of the

trial court. See, e.g., Dickemann v. Costco Wholesale Corporation, 550 S.W.3d 65, 68 n.5 (Mo.

banc 2018) (reciting well-established principle that this Court is not “entitled to ignore” the plain

language of a statute and “is bound to give the statute” the construction the legislature intended).

 Whether leave should be granted to amend this petition is governed not by § 510.261, but

by the standard for amendments found in Rule 55.33(a), which provides that “leave shall be

freely given when justice so requires.” Because the trial court did not consider the merits of

Relator’s motion for leave to amend under Rule 55.33(a), we cannot determine whether denying

leave thereunder was proper. Thus, we can do no more at this juncture than direct the court to

vacate the order denying the motion for leave to amend under the statute and reconsider the

motion under the rule. Nothing in this Opinion should be construed as a comment on the merits

of Relator’s motion for leave to amend, including her claim that she has a substantive right to

punitive damages. Issuance of this writ is intended only to remedy the trial court’s unauthorized

 5
application of an inapplicable statute and return the matter to the trial court for application of the

correct rule.

 V. Conclusion

 The preliminary order in prohibition is made permanent with directions to the trial court

to vacate the order denying Relator’s motion for leave to amend under § 510.261 and reconsider

that motion under Rule 55.33(a).

 _____________________________________
 Colleen Dolan, Presiding Judge
 Writ Division I

Lisa P. Page, J., concurs.
Michael E. Gardner, J., concurs.

 6